ROASENDA
vs.
ZABRISKE,F.M.C.

It is therefore ordered, adjudged and decreed that the judg-
ment of the Parish Court be affirmed, with costs.

---

### ROASENDA vs. ZABRISKE, f. m. c.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Parol evidence is admissible to prove usury. This plea would seldom be avail-
able if required to be proved by a counter letter or other written evidence.

Where a note does not bear interest on its face, but the act of mortgage taken to
secure its payment, stipulates for ten per cent. interest from maturity, the ex-
cess charged from its date will be deducted.

This suit comes up on an injunction, obtained to stay an or-
der of seizure and sale.

The plaintiff obtained an order of seizure against two lots of
ground, on a note of the defendant for $7905, payable one year
after date, *without interest;* but secured by mortgage on these
lots, stipulating that said note should bear ten per cent. interest
from maturity, if not then paid. The order issued for the
amount of the note with ten per cent. interest from *its date
until paid.*

The defendant avers that the note had been several
times renewed, on which usurious interest was charged and
received. He prays that an injunction issue, restraining
said order; that the seizure be set aside, and that the note be
cancelled, &c.

On the trial, the defendant offered evidence and witnesses to
prove the usury alleged, which was objected to and the objec-

tion sustained by the court on the ground that the matters al-
leged could not be shown by parol evidence, in opposition to a
notarial act or contract. A bill of exceptions was taken to the
opinion of the court.

There was judgment for the plaintiff and the defendant appealed.

*Roselius*, for the plaintiff.

*L. Janin*, contra.

*Martin, J.* delivered the opinion of the court.

The defendant is appellant from a judgment dissolving an injunction which he had obtained to stay the execution of an order of seizure and sale, on the ground that the note secured by the mortgage was partly given on an usurious consideration ; and that the order of seizure and sale charged him with interest from the date of the note, while according to the contract he was only liable to pay interest from its maturity.

The defendant obtained a commission to take the testimony of witnesses with a view of establishing usury. He was ruled to trial before the return of the commission, and offered witnesses for the same purpose, who were rejected; whereupon he took a bill of exception ; the court being of opinion that parol evidence was inadmissible, and usury could only be proved by a counter letter or other written testimony, when the payment is acknowledged by an authentic act. The article 2234 of the Louisiana Code was relied on. It relates only to the old exception *de non numeratâ pecuniâ.* The court, in our opinion, erred. The plea of usury would be hardly available in any case if those who rely on it, were bound to prove it by a counter letter or other written evidence.

The note does not bear interest on its face, but it is stipulated in the act of mortgage that ten per cent. interest will be paid from the time of its maturity. For this excess of interest, the injunction ought to have been perpetuated, which is obvious

Parol evidence is admissible to prove usury.—This plea would seldom be available if required to be proved by a counter letter or other written evidence. Where a note does not bear interest on its face, but the act of mortgage taken to secure its payment, stipulates for ten per cent. interest from maturity, the excess charged from its date will be deducted.

EASTERN DIS.
May, 1841.

from the face of the papers. The judgment must consequently be annulled and reversed, and a new one rendered according to the evidence of the case.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed; and proceeding to give such judgment as, in our opinion, should have been rendered in the court below, it is ordered, adjudged and decreed that the injunction be made perpetual for the *excess* of interest; that for the balance it be provisionally reinstated; and the case remanded for further proceedings, with directions to the judge to allow testimonial proof of the usury; the defendant and appellee paying the costs of the appeal.

