JEAN DOMINIQUE ROSENDA *v.* JACOB ZABRISKIE.

Case 2.
4r 493
51  154

The renewal of a note and mortgage between the same parties, though the interest which has accrued be added to the principal, is no novation—it is but a continuance of the same transaction. Novation is the substitution either of a new creditor, a new debtor, or a new debt. C. C. 2185. The pre-existent obligation must be extinguished; if only modified, and any stipulation of the original obligation remains there is no novation. Ib. 2183.

A promise to pay usurious interest is not such a natural obligation as will form a good consideration for a legal contract. A natural obligation is one which cannot be enforced by action, but which is binding in conscience and according to natural justice. C. C. 1750, § 2. To perform a promise is a matter of conscience; and if a contract, not illicit or immoral, but to enforce which the law gives no remedy is actually performed, as where usurious interest has been paid, the money cannot be recovered. But the continuance of a promise, contrary in itself to law, cannot be enforced, however often the parties may change the evidence of it.

Where a contract stipulates for usurious interest, the creditor can only recover the principal debt.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Roselius*, for the plaintiff. This case presents two questions:

I. Does an agreement to pay usurious interest produce a natural obligation ?

II. If it does, the second question arises, what is the effect of such natural obligation on the right of the parties to this suit ?

1st. The first of these questions has been already twice decided in the affirmative by this Court. In the case of *Perrilliat* v. *Pench*, 2 La. 429. Judge Porter, who delivered the opinion of the Court, says : " The 1751st article of the Louisiana Code, divides natural obligations into four kinds, and under the first head classes those which are invalid for the want of certain forms, or for some reason of general policy, but which are not in themselves immoral or unjust.

" The 1752d declares that although natural obligations cannot be enforced by an action, yet among their effects one is, that no suit will lie to recover what has been paid, or given in compliance with a natural obligation.

" By the 2284th it is provided, that the payment from which we might have been relieved by an exception that would extinguish the debt, affords ground for claiming restitution.

" But the article which follows that just cited, limits this exception to those which would extinguish all natural obligation."

The learned judge then notices the laws of Spain and England on the subject of usury, and remarks : " Were it not for the definition given to the natural obligation, in the 1751st article, we should have had great difficulty in deciding this cause." He then proceeds to observe :—

" To return, however, to our statutory provisions, by which the case must be decided, they declare that money paid under natural obligations cannot be recovered ; and they define as natural obligations those which are not immoral or unjust, but which may be rendered invalid, from some reason of general policy.

" Under which class does the contract, to obtain more than the legal rate of interest fall ? Were we to follow the opinions of Pothier, it would be stamped with turpitude of the grossest kind ; but since he wrote we believe different views of this subject pervade the civilized world. Many think, that not only it is not immoral to take as high a rate of interest as the lender can obtain, but that it is impolitic to prevent him doing so. Others think dif-

ferently. But we believe, that those who desire to repress the practice, are moved more by views of public policy, than a belief that the obligation has no force as a natural one. Indeed, the prohibition of the contract by name is an expression of the legislative understanding, that without such prohibition, it would be binding. Were it one immoral in itself, it would have fallen under the general declaration that contracts contrary to *bonos mores* are void; and special legislation in regard to it was unnecessary. We are of opinion, that the prohibition in relation to taking more than a certain rate of interest for money, is founded upon motives of public policy, and not because the contract is immoral. In other words, that it is not *malum in se*, but *malum prohibitum*, and that therefore, the exception must be sustained."

The point came again under the consideration of the court in the case of *Millaudon* v. *Arnaud*, 4 La. 544 In that case, the defendant had acquiesced in an account current rendered by the plaintiff, in which usurious interest was debited, and funds in the hands of the latter applied to its payment ; and on that ground it was held, that the defendant's objection to the usurious interest could not be listened to. The court say : " It was decided in the case of *Perrilliat* v. *Pench*, that money paid on an usurious contract, could not be recovered back."

So that the first question can no longer be considered as an open one. Now let us see what is the operation of the legal principles thus clearly recognized on the present controversy.

2. The article of the Civil Code which forms the basis of the decisions above quoted (1752) provides, "that a natural obligation is a sufficient consideration for a new contract." Hence it follows as an irresistable consequence, that even if it be true that a part of the consideration of the contract, on which this suit is brought, consists of usurious interest, accruing on former loans, it cannot invalidate the obligation. By the new contract, the natural has been converted into a legal obligation.

The court will bear in mind that the excess of interest on the loan had been disallowed, and deducted by the District Court. The only matter in dispute between the parties, relates to usurious interest arising from previous loans.

It will, perhaps, be contended that according to the statement of

facts in the bill of exceptions, the last is only a renewal of former loans; that the different transactions are in reality but one; and that there was only a change of the evidence of the debt, and not of the obligation itself. But on reflection the court will be satisfied that this argument is more specious than solid. An obligation is just as effectually extinguished by novation as by payment. If the natural obligation to pay usurious interest had been extinguished by payment, it is clear that no action would lie to recover back what had thus been paid. But instead of payment, "the *debtor*," in the language of the 2184th article of the Civil Code, "*contracted a new debt to his creditor, which new debt was substituted to the old one, which was extinguished.*" It was alleged that the usurious interest then due formed a part of the consideration of the new contract, and that consequently the consideration is, *pro tanto*, illegal. But it is evident that the conclusion is not warranted by the premises. Nay, the very converse of the proposition is established by the decisions of the Supreme Court above quoted, and the explicit language of the 1752d article of the Civil Code. Zabriskie was bound by a natural obligation to pay the interest stipulated; the parties agreed to enter into a new contract; the consideration of which consisted partly of the natural obligation. Here then is the application of the principle laid down in the 1752d article of the code, "*that a natural obligation is a sufficient consideration for a new contract.*"

The Code Napoleon is silent on the subject of the effect of natural obligations. Still, the Court of Cassation, and all the French commentators recognize the correctness of the principle which I invoke.

Favord de Langlade, in his Répertoire de la Nouvelle Jurisprudence, examines the question, and cites a decision of the Court of Cassation. He says:

"*Une obligation naturelle peut-elle être la matière légitime d'une novation ?*

"*Le débiteur d'une rente mélangée de féodalité et pour ce motif abolie sans indemnité, est-il lié par une obligation naturelle, si la rente a eu pour origine une concession de fonds ?*

"*Si une pareille rente est volontairement novée, sans aucune*

*prestation aujourd'hui prohibée, le débiteur peut-il être contraint à acquitter sa nouvelle obligation ?*

" *La Cour de Cassation a résolu affirmativement ces questions daus l'espèce suivante.*"

See also Toullier, vol. 6, pp. 194, 196, and 422. Paillet, p. 462, note 4, on article 1121 of the Code Napoleon.

*Elwyn,* for the appellant.

GARLAND, J. This case was before us in May, 1841, and remanded for a new trial, the injunction being sustained in part. 18 La. 346. We then directed, that oral evidence should be admitted to sustain the plea of usury. Judgment has again been rendered against the defendant, and he has appealed.

When the case was tried, the District Judge permitted evidence to be given to prove, that usurious interest for one year was included in the last note and mortgage, but refused to admit any evidence of anterior usurious interest being added to the principal. He reduced the interest to ten per cent, and sustained the injunction for the excess. The defendant alleges, that the Judge below erred, in refusing to admit evidence of usurious interest for previous years having being charged, and included in the note. The defendant offered to prove, that the debt claimed was originally a loan of $3000, made some years (about four,) previous to the commencement of the suit ; and that the note was renewed yearly, and usurious interest included in it at each renewal. It now amounts to $7905. The Judge refused permission to the defendant to go behind the last act of mortgage, because he considered the renewal of the note and mortgage, a novation of the debt ; and secondly, because the promise to pay usurious interest creates a natural obligation, which may be the foundation of a new and valid obligation. The counsel for the defendant took his bill of exceptions, and the case is before us on the two points.

The Judge of the District Court is, in our opinion, mistaken in supposing, that the renewal of the note and mortgage between the same parties, is a novation of the debt, although its amount may be increased by adding to it the interest that accrued. Novation is the substitution of either a new creditor, a new debtor, or a new debt. The renewal of a note between the same parties is but a

Rosenda v. Zabriskie.

continuance of the same transaction.  8 Mart.  5 Ib. N. S. 157.
Art. 2183, of the Civil Code, says, "the pre-existing obligation
must be extinguished, otherwise there is no novation ; if it be only
modified in some parts, and any stipulation of the original obli-
gation be suffered to remain, it is no novation."

The Judge is also mistaken, in supposing that a promise to
pay usurious interest, is such a natural obligation as will form a
good consideration for a legal contract.  A natural obligation, is
something binding on the party who makes it, in conscience and
natural justice.  Civil Code, art. 1750, No. 2.  To perform a
promise is a matter of conscience, and if a contract, not illicit or
immoral, but to enforce which the law gives no remedy, is actu-
ally performed, the money cannot be recovered back again.
This was the ground of the decision in the cases in 2 La. 429,
and 4 La. 544, so much relied on by the counsel for the plaintiff;
and the court has never gone further than that.  But the contin-
uance of a promise contrary in itself to law, cannot be enforced,
although the parties may change the evidence of it every year.
The payment of interest beyond a certain rate is, under our law,
a matter of convention ; and we think the doctrine has been ex-
tended far enough, in those decisions which rejected the demand
to recover back usurious interest, after it had been paid.  If the
doctrine contended for by the counsel for the plaintiff, and sanc-
tioned by the District Judge, were correct, a recovery could be
had for any amount of usurious interest, if the contract had been
reduced to writing, and then renewed.  We cannot give our as-
sent to such an interpretation of the law.  It is well understood,
that the law forbids more than ten per cent per annum, to be stipu-
lated for in any contract ; and neither the renewal of the contract,
nor any devices to evade the law can be countenanced.  On va-
rious occasions, this court has shown its determination to expose
the means resorted to, for the purpose of evading the law, and has
uniformly refused to enforce a usurious contract.  3 Mart. N. S.
622.  4 Ib. N. S. 167.  7 Ib. N. S. 409.  2 La. 115.  And it is
now the settled doctrine of this court, that any contract which
stipulates for interest exceeding ten per cent per annum, is usu-

rious and null, and that the creditor can only recover the principal debt. 3 La. 393. 6 La. 709.*

We are of opinion, that the Judge below erred in refusing to permit the defendant to show, that a large portion of the demand against him, was made up of usurious interest, and we must again remand the case for a new trial.

The judgment is therefore annulled and reversed, and the cause remanded for a new trial, with directions to the District Judge, to admit the testimony offered by the defendant, for the purpose stated in his bill of exceptions, and in other respects to conform to the principles herein settled, and proceed according to law ; the plaintiff paying the costs of the appeal.

---

* Since the decision in this case, an act of the 19th February, 1844, chap. 25, has altered the law on this subject. It provides :

Section 1. That article two thousand eight hundred and ninety-five, of the Civil Code of Louisiana, be so amended, that the amount of conventional interest shall in no case exceed eight per cent, under pain of forfeiture of the entire interest so contracted.

Section 2. That, if any person hereafter shall pay on any contract, entered into after the passage of this act, a higher rate of interest than the above, as discount or otherwise, the same may be sued for, and recovered within twelve months from the time of such payment.