## HYNES *v.* COBB et al.

The nullity resulting from a stipulation for usurious interest attaches to the agreement for interest only, and does not destroy the obligation for the principal.

An agreement to pay the highest rate of conventional interest upon a nominal principal, part of which was composed of usurious interest, is usurious.

Where a party has stipulated, in a note, for usurious interest after maturity, he cannot recover legal interest even from judicial demand.

A payment made after maturity on a note which bore usurious interest from that time, where no imputation is expressed in the receipt nor otherwise shown, will be imputed to the principal, that being the debt which the maker had the most interest in discharging, the stipulation for interest not being binding on him. C. C. 2160, 2162.

APPEAL from the District Court of Madison, *Curry*, J. This is an action on a promissory note for $5,254 10, dated the 13th of November, 1841, and due on the 1st January, 1842, bearing ten per cent interest from maturity. The facts of the case are these : The agent of the plaintiff loaned the defendants a sum of money, which, with twenty per cent added thereto, made the amount specified in the body of the note, and also charged the defendants the highest rate of conventional interest upon the original amount of money, as well as upon the twenty per cent usury included in the face of the note. The defendants pleaded the usurious character of the contract, and appealed from a judgment rendered against them.

*Amonett,* for the plaintiff.

*Snyder* and *Shannon,* for the appellants. The contract, being usurious, was made in contravention of a prohibitory law, and cannot be enforced ; and the plaintiff, by the turpitude of the contract, has forfeited the right to recover any portion of the note sued on. *Rosenda* v. *Zabriskie,* 4 Rob. 493. *Cox* v. *Rowly,* 12 Rob. 273. *Hagan* v. *Canal Bank,* 1 An. Rep. 62. Under the law, at the time the contract was made between the plaintiff and defendants, the stipulation for usurious interest vitiated and avoided the whole contract. According to art. 2895 of the Code, interest cannot be stipulated at a higher rate than ten per cent per annum; and under this Code all contracts made in contravention of a prohibitory law are void. C. Code 12, 1887, 1889. To test the question whether or not the contract is void *ab initio* or only *pro tanto,* it is proper to inquire whether a loan of money with a stipulation for usurious interest, is a divisible or indivisible obligation. If the latter, the whole contract must follow the fate of the usurious portion. If the former, then it can be pruned of its illegalities, and the loan for the amount actually received be sustained. The usury being the primary inducement to make the loan by the plaintiff, forms the main and principal motive for the contract. It is only necessary to inquire with what intent the loan was made by the plaintiff. The evidence of *Lowry,* who acted as the agent of the plaintiff, fully discloses the moving cause and consideration of the loan, viz : twenty per cent premium on the money loaned, and ten per cent interest on the original amount of the loan and the premium.

The judgment of the court *a qua* is clearly erroneous. The demand of the plaintiff should have been rejected at his cost. In the decisions heretofore made by this court upon questions of usury, it has never gone so far as to declare the whole contract to be void. But by reference to those decisions it will be perceived that the question has never been fully presented to the court. The contracts have only been sought to be avoided to the extent of the usury, in the cases heretofore adjudicated upon, and the court in all the recent decisions have declared the contracts void to the full extent demanded by the defendants, in the various suits heretofore decided. The defendants therefore contend, that the contract having been made in contravention of a prohibitory law, is absolutely null and void ; that the contract of loan with a stipulation for usury is indivisible,

HYNES
*v.*
COBB.

and that if void for any portion, it taints the whole transaction, and bars a recovery for even the actual amount loaned by the plaintiff; that if the contract is not void *ab initio*, the plaintiff is precluded from recovering interest on any part of the loan, and that the judgment must be reduced to the actual amount received by the defendants.

The judgment of the court was pronounced by

SLIDELL, J. The defendants are sued as makers of a promissory note, payable to the plaintiff, and on which interest was stipulated, after maturity, at the rate of ten per cent. The note was not protested, nor is any default shown, other than that created by the judicial demand. The defendants pleaded usury, and claim the nullity of the entire contract, both for principal and interest. It appears that the amount promised to be paid by the note, which was dated Nov. 30, 1841, and payable on the 1st day of January, 1842, being a little more than one month, was composed of the amount loaned on that day to the defendants, and of twenty per cent added thereto, being at a rate exceeding two hundred per cent per annum.

It is urged by the defendants, that the nullity of the entire contract should be decreed. But the rule is well settled that in contracts stipulating usurious interest, the nullity attaches to the agreement for interest only, and does not destroy the obligation for the principal. See the cases of *Walden* v. *City Bank*, 2 Rob. 178. *Rosenda* v. *Zabriskie*, 4 Rob. 493. Also the case of *Reed* v. *Duncan*, 1 An. Rep. 265. Twenty per cent therefore must be stricken from the face of the note. The agreement to pay ten per cent after maturity upon a nominal principal sum, of which an important portion was in reality for usurious interest, was usurious, and cannot be enforced.

It remains, then, only to consider whether legal interest can be granted on the amount levied, from the date of default.

There was no protest, nor other evidence of default, till the judicial demand by the citation of the defendants, in the year 1845.

Under the law, as it existed at the time of the making of the contract, it was provided that, in contracts which *do not stipulate for the payment of interest*, it is due from the time the debtor is put in default for the payment of the principal. Art. 1932. So article 1935 declares that, *in cases where no conventional interest* is stipulated, the legal interest at the time of default shall be recovered, although the rate may have been subsequently changed by law. Looking to the terms of these articles, and to the policy of our laws prohibiting usury, we do not think we should be authorized to give even legal interest from judicial demand to a party who had stipulated an usurious conventional interest after maturity.

It appears that, on the 6th January, 1845, an endorsement was made on the note of a payment, on that day, of $240. No imputation is expressed in the receipt, nor otherwise shown. In an ordinary case, the law would make the imputation to the interest. But the article of the Code which directs that imputation, must be construed in connection with other rules *in pari materia*. One of these is that, where the receipt bears no imputation the payment must be imputed to the debt which the debtor had at the time most interest in discharging, of those that are equally due. See arts. 2162, 2160. Here the stipulation for interest had in law no binding force, and, looking to the spirit of the law and the legislation on this subject, as a whole, we think, in the absence of any agreement, the imputation should be made to the principal.

The plaintiff has asked for judgment, with mortgage upon certain property described in an act of mortgage purporting to be signed by the parties, and

comprising both land and slavos. It is admitted by the plaintiff, that the names of the negroes were not in the act when it was signed. The notary who passed the act, and who was also the agent of the plaintiff in making the usurious loan, was offered as a witness by the plaintiff, and stated on his direct examination, "that *Mr. Cobb* told him to put in the ten negroes; that the space was left blank in the act, and he was authorized to put the ten negroes by *Mr. Cobb.*" On his cross examination he says: "The act was passed at *Mr. Cobb's* house, and that *Mr.* and *Mrs. Cobb did not object* to putting the negroes in. That he went upon the boat to *Mr. Cobb's,* to pass the act. That the boat barely touched at *Mr. Cobb's.*" The slaves appear by the mortgage to be the wife's property, and in the notary's unsatisfactory statement of this irregular proceeding, there is nothing to show that she authorized him to fill up the blank. The plaintiff has established no mortgage right to the slaves.

It is therefore decreed that the judgment of the court below be reversed; and it is further decreed that the plaintiff recover of the defendants the sum of $4,138 42, without interest, and with mortgage on the land only, described in the mortgage executed on the 30th November, 1841, before *Alfred J. Lowry,* notary public, whereof a copy is on file in this suit, and costs in the court below, those of this appeal to be paid by the plaintiff.