## BECK v. HOWARD.

A promise to pay a debt, made by the debtor after a *cessio bonorum*, will support an action, whether the insolvent was discharged by his creditors or not. If not discharged, the legal obligation resting on him is to pay those creditors whose demands accrued prior to the cession, on his acquiring property more than sufficient for his maintenance and for the discharge of debts subsequently contracted; and the only remedy of the prior creditors is to require a new surrender. C. C. 2173. Stat. 20 Feb 1817, s. 28. The subsequent promise creates a new debt, which may be recovered in a separate action without requiring a new surrender. Though the debtor have been fully discharged, the previous debt is a sufficient consideration for the subsequent promise. C C. 1752.

APPEAL, by the defendant, from a judgment of the Fifth District Court of New Orleans, *Buchanan*, J.

*I. W. Smith*, for the plaintiff.

*Sigur* and *Bonford*, for the appellant. An action like the present, even where a positive promise is clearly proven, cannot be maintained under our insolvent system. The principle of equality in the distribution of the debtor's assets among his creditors, is the essential characteristic of that system. If the defendant has acquired property since his cession, that property is the common pledge of all his creditors. It must be brought into the insolvency and equally partitioned. No one creditor, by obtaining a promise from the common debtor, can gain a preference over the others. See the cases of *Gurlie* v. *Flood*, 11 Rob. 166. *Goicochea* v. *Ricarte*, 4 La. 44., *Morgan* v. *Dalton*, 3 La. 334.

The judgment of the court was pronounced by

KING, J. The defendant is sued on an open account, and pleads in bar of the action, a cession of his property made after the debt accrued, to which the plaintiff was a party, and which was accepted by the judge. The plaintiff relies on a promise to pay the debt, made by the defendant subsequently to the surrender.

The subsequent promise, which is fully proved, created a new obligation, which authorized the plaintiff to maintain his action, whether we are to consider, under the pleadings and evidence, that the defendant was discharged, or not, by his creditors. If he was not discharged, the legal obligation resting upon him was, to pay his creditors whose demands accrued prior to the cession, on his acquiring property more than sufficient for his maintenance, and for the discharge of his debt subsequently contracted. In that event, the only remedy of the prior creditor is to require a new surrender. C. C. art. 2173. 4 La. p. 45. 8 Rob. 204. Bul. & C's. Dig. 492. But the defendant's subsequent promise created a different obligation from that imposed by law. It was an unconditional undertaking to pay the debt without regard to the legal consequences of his previous cession, and made a new debt, for the recovery of which the plaintiff could proceed by a separate action, without requiring the debtor to make a new surrender. If he was fully discharged, as is contended, the moral obligation resulting from the previous indebtedness was a sufficient consideration to support the subsequent promise, and the effect of that promise was to create a new debt. C. C. art. 1752. *Bach* v. *Cohn, ante* p. 101. We think that the district judge did not err, in overruling the plea.

*Judgment affirmed.*