LAND, Justice.
 

 Mortgage Investment, Inc., as the holder for value and before maturity, has brought suit against defendant, Dominick Natal, as indorser, to recover the balance of $4,500, with interest at the rate of 8 per cent, per annum from October 19,1929, until paid, and 10-per cent, attorney’s fees, alleged to he due on a promissory note.
 

 The note sued upon is dated November 29,. 1920, and, originally, was in the sum of $6,000 due two years after date, is signed by Prank Prey Realty Company, Inc., by Dominick Natal, president, and Prank P. Prey, secretary-treasurer, and is indorsed by that corporation, and by Dominick Natal and Prank Prey personally.
 

 Judgment was rendered in the court below in favor of defendant, Dominick Natal, rejecting the demand of plaintiff, Mortgage Investment, Inc., and dismissing its suit, and from this judgment plaintiff has appealed.
 

 The following defenses were urged by defendant:
 

 (a) That defendant was an accommodation indorser.
 

 (b) That plaintiff has failed and neglected to proceed against the maker.
 

 (c) That plaintiff has failed to exhaust the security.
 

 (d) That defendant was released from his indorsement because of extension of time to the maker, without the consent of defendant.
 

 We do not find any merit in the first three of the defenses urged by defendant.
 

 As to the fourth defense, release of defendant as indorser because of unauthorized extension of time, at the maturity of the note, by the holder, we are of the opinion that defendant waived the benefit of that defense by
 
 *654
 
 an agreement on his part to pay the note nevertheless, and by the fact that he made three payments himself, personally, on the note after the extension had been made.
 

 The secretary-treasurer of plaintiff corporation testified as follows:
 

 “Q. Dq you remember any payments that Mr. Natal made to you on this mortgage note? A. I remember three.
 

 “Q. Will you give us the approximate dates ■of these payments? A. I can give you the exact dates. He made a payment — do you , want the amounts too?
 

 “Q. Yes. .A. He made a payment on December 3, 1928, of one hundred dollars — he made a payment on January 7, 1929, of one hundred and fifty dollars, and on February 8, 1929, of two hundred and fifty dollars.
 

 “Q. Did Mr. • Natal ever promise- that he would pay this note? A. Well, he said he was going to try.
 

 “Q. Did he say that he wouldn’t pay it? A. No.” Tr. p. 27.
 

 An indorser, released from liability on a note because of extension granted maker, 'becomes liable thereon again, when he prom-ises to pay the note and makes payment thereon, after the extension was granted. It is a new promise to pay the obligation, which is binding upon him without any additional consideration. Beck v. Howard, 3 La. Ann. 501; Willistonon Contracts, Vol. 2, par. 1223, page 2222; Spurlin v. Millikin, 16 La. Ann. 217; Rosenda v. Zabriskie, 4 Rob. 493; Rev. Civ. Code, arts. 1758, 1759.
 

 It is therefore ordered that the judgment ¡appealed from be annulled and reversed.
 

 It is now ordered that there be judgment in favor of plaintiff, Mortgage Investment, Inc., and against defendant, Dominick Natal, in the sum of $4,500, together with interest at the rate of 8 per cent, per annum from October 19, 1929, until paid, and with 10 per cent, attorney’s fees on principal and interest, and for all costs.
 

 O’NIELL, C. J., concurs in the decree.