REID, Judge.
This is the second of two suits filed by-plaintiff Securities Finance Company, Inc. against Frank Washington. The first was. a suit No. 94365 against Frank Washington and Beatrice Plarrell Washington. This-suit was dismissed on January 22, 1965 on the motion of the plaintiff, said suit being-dismissed with prejudice as in the case of non-suit.
Subsequent to that plaintiff brought the. present suit against Frank Washington, individually and as surviving spouse in community with Beatrice Harrell Washington,, deceased. This suit is for $6548.85 with interest at the rate of 8% per annum from November 18, 1962 until paid together with 15% on the total amount of principal and. interest as attorneys fees, and all costs of court. This is the balance due on a mortgage note for $10,000.00 pledged as security behind a promissory note in the principal sum of $9118.80, to the order of petitioner and payable in 72 months installments of $126.65 each, beginning August 2, 1958. This note was reduced by payments amounting to $2569.95, leaving the present balance of $6548.85.
The property covered by this mortgage: was seized and sold by the sheriff under; *734 the order of executory process and adjudicated to the plaintiff for the sum of $3433.-34, which amount was credited to the bal•ance alleged to he due on the note, leaving •a final balance of $3115.51. Plaintiff then brought in the same suit a proceeding seeking judgment against Frank Washington, individually and as surviving spouse in •community with Beatrice Harrell Washington, deceased, in the full sum of $6548.85 'together with interest thereon at the rate of ■8% per annum from November 18, 1962 ■■until paid, together with an additional •amount of 1'5'% on both principal and interest for attorney’s fees and all costs of •court, subject, however, to a credit of '$3433.34 as a result of the said sheriff sale.
To this petition the defendant, Frank Washington, filed a peremptory exception «of misjoinder of necessary parties based on the fact that the wife, Beatrice Harrell Washington, was now deceased, was survived by four children, and the property •described in the petition owned by defendant exceptor and his deceased wife as community property and that the four surviving children would inherit her undivided •,one-half interest.
The defendant in his said exception further alleged that in the matter No. 2406 on •the docket of the U. S. District Court in Bankruptcy entitled “In the Matter of Frank (N.M.N.) Washington, Bankrupt” •the note and mortgage sued on was listed •as a secured debt, Schedule A-2 of the Bankruptcy and an order was signed on the 5th of May, 1961, approving the action •of Irwin A. LaRose, Trustee, in disclaiming .and abandoning all rights, title and interest to the Bankrupt estate in and to the real property, household furniture, personal effects and a 1954 Chevrolet Fordor automobile, listed in the mortgage sued on, and at this Bankruptcy proceeding on behalf of the defendant Frank Washington, and the property was disclaimed and abandoned because there was no equity in the same for the estate of the named bankrupt.
Subsequently the plaintiff fiied a supplemental petition making Frank Washington the sole defendant, suing him individually as owner.
On the same day that the peremptory exception of misjoinder of necessary parties was filed defendant filed an answer stating that this suit could not be maintained as against Beatrice Harrell Washington as she was now deceased and further that he had been adjudicated bankrupt on a petition filed by him on December 16, 1960; the claimant Securities Finance Company, Inc. was listed on the Schedule of Debts filed in the Bankruptcy matter; that this plaintiff brought suit on this same note, suit No. 94365 on the docket of the 19th Judicial District Court of Louisiana which was answered by this defendant and this suit was dismissed by plaintiff without argument or trial with prejudice as in the case of non-suit, and that therefore this proceeding is illegal, the issues involved herein having been previously in litigation and dismissed with prejudice by the plaintiff.
Defendant on September 3, 1964 filed an answer to the amended and supplemental petition setting forth that the original action No. 94365 had been dismissed with prejudice as of non-suit. He further prayed that he be, if he is liable, that he be restricted to one-half of the amount because the property foreclosed on was community property and his wife was now deceased.' Defendant also on the same date filed an exception of no cause and right of action.
The suit was duly tried and the Lower Court rendered and signed a judgment dismissing the same at plaintiff’s costs. Plaintiff has brought this appeal from this judgment dismissing the suit
The Trial Judge in his written reasons upheld the defense that the dismissal of the suit of Securities Finance Company, Inc. vs. Frank Washington and Beatrice Harrell Washington No. 94365 on the docket of the 19th Judicial District Court with prejudice as in the case of non-suit barred any further suits on this note. He quotes *735 Article 1673 of the Code of Civil Procedure, which reads as follows:
“Art. 1673. Effect of dismissal with or without prejudice.
“A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same case of action.”
There is no question hut what this dismissal with prejudice as on “non-suit” is ambiguous. We feel that inasmuch as this order was on motion of the plaintiff that any ambiguity in the wording of this judgment or order should be charged against the plaintiff, and that further proceedings in this matter were improperly brought.
However, we are concerned with the fact that the defendant, Washington, alleged in Schedule A-2 of the Bankruptcy proceedings the secured debt of the plaintiff, and as a result of the same the disclaimer and abandonment was entered by the Bankruptcy Court disclaiming the property as having no equity in it for the ordinary creditors.
The effect of a decree of disclaimer and abandonment by the Bankruptcy Court relegates the mortgage creditor for a suit in rem against the property and he was barred from seeking a deficiency judgment unless he can prove certain acts of fraud or novation by the bankrupt defendant.
In the foreclosure proceeding resulting in the sale of the property to the plaintiff and the mortgage certificate attached thereto is a copy of the discharge in bankruptcy which is recorded June 12, 1961 in Book 1680 folio 451 of the mortgage records of East Baton Rouge Parish. This being a part of the proceedings it is a part of the record herein and in addition the plaintiff in its petition made all proceedings of this suit a part of the suit for a deficiency judgment.
In view of this, coupled with the copy of the discharge set forth in the mortgage certificate, which was a part of these proceedings by the allegation of plaintiff it was unnecessary for the defendant to make any further allegation.
This now brings up the last contention of the plaintiff and that is that the defendant had acknowledged or renewed the obligation by making certain payments on the same. The plaintiff, through Mr. Bogan, the manager, testified that these payments were made and that the defendant Frank Washington acknowledged the debt and was most anxious to keep his home, and that was his reason for making the payments.
However, defendant Washington swore that these payments were made by his second wife, Maria Washington, and not by him, and that there was no definite promise made by him to acknowledge the debt and/or novate it.
This Court has had occasion to pass on a similar statement of facts in the suit by the same plaintiff, Securities Finance Company, Inc. v. Marbury, La.App., 180 So.2d 737 (1965). In the Marbury case testimony was introduced indicating that after the filing of the petition in bankruptcy and up to the time of the filing of the suit defendant paid several sums of money on his debt. Some statements were made in the interim between the time of the filing of the petition in bankruptcy and the time of the discharge, others were made after the granting-of the discharge in bankruptcy. Defendant Marbury in addition in making one payment wrote as follows:
“I drew $60.00 Saturday which I am-sending you $30.00 and the balance going for other creditors and child support.
I am going to try to send you something each week.
Appreciate your patience,
Sincerely, A. A. Marbury”
*736 Another of the payments was accom■panied by a note, which read as follows:
“Please mail private book showing- balance to be paid at $24.00 every other week. Thanks, A. Marbury”
In spite of these notes in the Marbury case this Court held that this was not a promise to pay of any character. Marbury explained the writing of these notes in his testimony that Mr. Bogan had called him on the telephone and said that if it would make it easy for him he would .arrange for Mr. Marbury to make the payments in the amount of $24.00 payable every ■other week. This Court held that this testimony by Mr. Marbury in connection with the writing of the note was uncontradicted "by the plaintiff witnesses. We further held -in the Marbury case as follows:
“A very similar situation was presented to the appellate courts of this state in the case of Irwin v. Hunnewell, 207 La. 422, 21 So.2d 485, wherein the bankrupt had written several letters to his creditor concerning the obligation which was discharged in the bankruptcy proceeding. In that case, the Supreme Court set up the following as a criterion for determining whether a discharged debt had been novated by a new promise to pay. In that ■case they said the following:
“ *•= * * For it is well settled and is conceded that a promise to pay a debt from which the debtor has been discharged in bankruptcy proceeding, to be effective, must be direct and definite. A mere acknowledgment of such a debt, with an expression of intention to pay it at some indefinite time, is not an enforceable obligation. Bach v. Cohn, 3 La.Ann. 101; Beck v. Howard, 3 La.Ann. 501; Linton v. Stanton, 4 La.Ann. 401; Bartlett v. Peck, 5 La.Ann. 669; Glenn v. Dunbar’s Adm’x, 10 La.Ann. 253; Collier on Bankruptcy, 13th Ed., Vol. 1, § 17, p. 643; Gilbert’s Collier on Bankruptcy, 4th Ed., § 17, p. 385; 8 C.J.S. Bankruptcy 583, p. 1571; 6 Am.Jur., Bankruptcy, 552, p. 832; Allen & Co. v. Ferguson, 18 Wall. 1, 85 U.S. 1, 21 L.Ed. 854.”
“ * * * thg same effect was the decision in Beck v. Howard, 3 La.Ann. 501. And from Linton v. Stanton, 4 La.Ann. 401, we quote:
“ Tt has been often held that a new promise to pay a debt discharged by certificate, must be express, distinct, and unequivocal. The intention of the bankrupt to bind himself must be clear.’ ”
“ * * * In 8 C.J.S. Bankruptcy, § 583, p. 1571, the rule is stated thus:
‘In order to revive a liability on a debt discharged in bankruptcy or to create a new enforceable obligation, there must be an express promise to pay the specific debt, made to the creditor or his agent, and while no particular form of language is necessary, to constitute such a new promise there must be a clear, distinct, and unequivocal recognition and renewal of the debt as a binding obligation, anything short thereof being insufficient, as, for example, the mere acknowledgment of the discharged debt, or the expression of hope, desire, expectation, or intention to pay or revive the same.’ ”
“The criterion set forth in Irwin v. Hunnewell by the Supreme Court has not been changed or altered in any manner, either by that Court or by the Legislature. We further believe the criterion established therein to be accurate and eminently correct.”
The Judge of the Lower Court in the instant case with written reasons held as follows :
“Plaintiff presents no other evidence of a new promise on the part of the defendant other than the statement of Mr. Bogan. For this reason it appears that plaintiff has failed to prove a new prom *737 ise to pay. Payments alone, made on an old debt, are not sufficient to renew a debt prescribed or otherwise non-collectable. A new promise to pay must be proven. This has not been done.”
With this finding of the Lower Court we are in accord.
For the foregoing reasons we hold that the judgment of the Lower Court is correct and it is hereby affirmed.
Affirmed.