GARDINER, Judge.
Plaintiff, Beneficial Finance Company of Louisiana, filed suit on a promissory note dated July 8, 1966, which note was for the original amount of $528.00, and alleged a balance due thereon of $212.16.
Defendant filed an answer in which he plead his discharge in bankruptcy as a defense. From a judgment in favor of plaintiff, defendant prosecutes this appeal.
The record before us discloses that subsequent to the execution of the note and after making several payments thereon the defendant filed a petition in bankruptcy on May 31, 1967, and a discharge was granted on August 21, 1967.
The defendant Lalumia made four payments of $22.00 each to the plaintiff, the first in July, 1967, the next two in August, 1967, and one in September, 1967. The defendant denied that he agreed to make any payments on the note after he filed his petition in bankruptcy or any time thereafter but made the payments without any agreement or commitment.
The manager of plaintiff, Beneficial Finance Company of Louisiana, testified that he never spoke to the defendant after May 31, 1967, but that he was told by the defendant’s attorney that the defendant would try to make payments. He further testified that no definite amount was mentioned. We find in the record a copy of a letter offered as plaintiff exhibit No. 2 which was addressed to creditors of Lalumia by his attorney, which reads, as follows:
“September 29, 1967
“Creditors of August W. Lalumia
“As you already know, Mr. Lalumia has filed a petition in bankruptcy and *203 was duly adjudicated a bankrupt on May 31, 1967.
“Mr. Lalumia has been troubled by further financial difficulties and will be unable to pay any of his creditors voluntarily for a period of about 6 months.
“Please contact this attorney at your earliest convenience in order to discuss this matter.
“Thank you for your attention.
Very truly yours,
/s/ Jules J. Mumme, III
JULES J. MUMME, III
“JJM, III/lm
“cc: Beneficial Finance Co.
Family Finance Corp.
Mr. August W. Lalumia”
The question here presented is whether or not Lalumia revived his liability on the debt discharged in bankruptcy or created a new enforceable obligation. The obligation of a bankrupt to pay a debt from which he has been discharged is only a moral obligation, one which cannot be enforced by action but is a sufficient consideration for a new contract.
Do we have here a new contract?
In 8B C.J.S. Bankruptcy § 583(b) (1), p. 129, we find the following:
“Liability on a debt discharged in bankruptcy is not revived, or a new enforceable obligation to pay the debt created, unless there is an express promise or undertaking to pay the specific debt, made to the creditor or his agent. While no particular form of language is necessary, in order to constitute such a new promise or undertaking there must be a clear, distinct, and unequivocal recognition and renewal of the debt as a binding obligation, that is, the new promise or undertaking must be clear, distinct, positive, unequivocal, and unambiguous, and anything short thereof is insufficient for such purpose. Thus a mere acknowledgment or recognition by the debtor of the discharged debt, or of his moral obligation to pay it, or an expression by the debtor of his hope, desire, expectation, or intention to pay or revive the debt, is not sufficient to revive the debt or create a new obligation to pay it.”
The rule is further stated in 6 Am.Jur., Bankruptcy, § 532, p. 832, as follows:
“Unless otherwise provided by statute, an enforceable promise to pay a discharged debt may be made orally. The promise must, however, be either express or directly implied in the terms used; it cannot be implied simply from conduct recognizing the debt, for example, from a payment on account of either principal or interest. No particular form of words need be used provided the promise is clear, distinct, and unequivocal, and is constituted of words which in their natural import identify the debt and express a present intention on the part of the bankrupt to bind himself to its payment. A simple acknowledgement of the justness of a debt and of its present existence as a debt formerly contracted and now unpaid, or the expression of a hope, desire, expectation, or intention to pay, is not sufficient. Nor is the effect of a discharge avoided by a promise to do something other than pay the discharged debt.” (Emphasis added).
The rule as stated in Corpus Juris Secundum and American Jurisprudence was quoted with approval by our Supreme Court in Irwin v. Hunnewell, 207 La. 422, 21 So. 2d 485. See also Securities Finance Company v. Washington, La.App., 195 So.2d 733. Applying the law as we find it to the factual situation disclosed by the record, we must conclude that there was no new contract which would revive defendant’s liability on the discharged debt or create a new enforceable obligation.
For the above and foregoing reasons, the judgment appealed from is reversed and it is now ordered that there be judg *204 ment in favor of defendant-appellant herein and that plaintiff’s suit be dismissed at its cost.
Reversed.