that he was not telling the truth"—citing Marr's Cr. Jur. of La. § 428, p. 723.

We find no reason to suppose that there is any error in that ruling, as we have no means of knowing upon what testimony previously given by him 'defendant was being cross-examined.

[4] IV. Defendant moved for a new trial on the ground "that the judgment and conviction are contrary to law and the evidence."

The motion and bill reserved to its overruling bring up no question for the consideration of this court. Marr's Cr. Jur. of La. p. 845, and authorities there cited.

The trial judge states that he overruled the motion:

"Because this is the second time that the defendant has been tried and convicted, and the verdict, in my opinion, is strictly in accordance with the law and the evidence."

We find no error, and the conviction and sentence appealed from are therefore
Affirmed.

———

(88 South. 783)

No. 24448.

STATE v. REED.

(May 2, 1921. Rehearing Denied May 30, 1921.)

*(Syllabus by the Court.)*

1. Case followed.

     Reasons assigned in State v. Guillory, 88 South. 780,[1] this day decided, for sustaining the trial court in overruling the challenge of array, are adopted and assigned in this case.

2. Criminal law ⟾1144(15)—Temporary separation of one juror held insufficient to authorize presumption of misconduct.

     Temporary separation from his fellow jurymen of one juror, in the trial of a prosecution under indictment for murder, will not authorize presumption of misconduct, or of prejudice to accused, when it is conclusively shown that the one juror was not accessible to contact with outsiders, and that the others were in the jury box under the eye of the judge.

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

William Reed was convicted of murder, and he appeals. Affirmed.

A. H. Garland and J. Hugo Dore, both of Ville Platte, for appellant.

A. V. Coco, Atty. Gen., and R. Lee Garland, Dist. Atty., of Opelousas (T. S. Walmsley, of New Orleans, of counsel), for the State.

MONROE, C. J. [1] 1. Defendant herein being charged with murder, challenged the array in the same court and upon the identical grounds relied on by the defendants in the case of State of Louisiana v. Guillory (No. 24436 of the docket) 88 South. 780,[1] this day decided, and, the evidence here adduced being the same as in that case, the law applicable to the two cases is the same, and our reasons for affirming the ruling of the trial court holding said challenge to be unfounded are equally applicable to the challenge presented for consideration in this case, and will not be here repeated. For the reasons assigned in the case of State of Louisiana v. Felicide Guillory, this day decided, which are hereby adopted, the action of the trial court, in overruling the challenge of the array in this case is therefore approved and affirmed.

[2] II. Having been convicted of manslaughter, defendant moved for a new trial upon the ground that, after being impaneled and entering upon the trial, the jury by which he was convicted separated, to his prejudice, in the following manner, to wit:

———

[1] Ante p. 166.

"That, upon being summoned from the jury room by order of the court, 11 of the said jurors appeared with the deputy sheriff, Marius Fontenot, and took their seats; that, upon discovering the absence of one of the jurors, some few minutes after seating the other 11, he proceeded to the jury room, the door of which was closed, and in a short while thereafter emerged therefrom with the missing juror, who had neither asked for nor obtained the permission of the court to remain behind, nor was he accompanied by any deputy sheriff, but remained in the said jury room by himself and separated from the rest of the jurors composing the said jury by two closed doors."

It is shown that the courtroom is in the second story of the court building, and that the jury room adjoins it, and has but the one door, being the door between the two rooms; that, when the jurors were called into court, the deputy sheriff, in charge of them opened the door for them to come out, and stood by it until 11 of them had taken their seats in the jury box, when he noticed a vacant chair, whereupon he walked into the jury room and found the missing juror in the toilet which is within the room, and the door of which was closed; and we infer, though there is no specific evidence on the point, that he almost immediately escorted the gentleman into the courtroom. Neither the evidence nor the argument suggest that the deputy sheriff found any one else in the jury room save the missing juror, who testifies that there was no one else there, and, as the other jurors had but just left the room, and the deputy sheriff had remained standing by the only entrance, we regard it as conclusively shown that there was no one else, and hence that the juror was not accessible, and that the separation, such as it was, affords no basis for any presumption of misconduct on his part. The conviction and sentence appealed from are therefore

Affirmed.