### No. ——
### First Circuit

_____

## INTERSTATE TRUST & BANKING CO. v. HEBERT ET ALS.

_____

(January 5, 1928. Opinion and Decree.)

_____

(*Syllabus by the Editor*)

1. Louisiana Digest — Sequestration—Par. 4, 6, 8, 14.

A petition for writ of sequestration, under Article 275 of the Code of Practice, must contain the allegation asking for ownership or possession of the movable seized, a lien thereon or the benefit of a special statute. In the absence of one of these allegations the writ must be dissolved.

Appeal from the Parish of Vermillion. Hon. W. W. Bailey, Judge.

Action by Interstate Trust & Banking Company against Odon J. Hebert et al.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Broussard & Sampson, Abbeville, attorneys for plaintiff, appellant.

J. E. Kibbe, of Abbeville, attorney for defendant, appellee.

MOUTON, J. Plaintiff company, the holder of a promissory note of defendant, Odon J. Hebert, obtained the sequestration of a Buick automobile in his possession. The issuance of the writ was obtained on the allegation that plaintiff feared Hebert would conceal, part with or dispose of the auto during the pendency of the suit. There is no demand by plaintiff for the ownership or possession of the auto. Plaintiff contends that averments of that character are not required for the maintenance of the writ, as he is entitled thereto on paragraph 8 of Article 275, C. P., which says that a sequestration may be ordered where "a party fears that the other will conceal, part with or dispose of the movable in his possession during the pendency of the suit". This paragraph was added to the article by Act No. 39 of 1839. The court in State vs. Reed, 149 La. 175, 88 So. 783, in commenting on this amendment of that article, said that its only purpose was to give the right to the writ when the ownership of a movable in the possession of the defendant was in dispute, for the other paragraphs had given it in all cases where the possession of personal property, a lien or privilege, etc., on property was claimed.

According to that decision which is supported by many adjudications referred to by the court, the mere allegation that plaintiff was a creditor of defendant without the averment asking for the ownership or possession of the auto, did not authorize the maintenance of the sequestration.

Counsel, in connection with his reference to Act 190 of 1912, cites the case of Gueydan vs. T. P. Ranch Co., reported in 156 La. 397, 100 So. 541. In that case the defendant had given a privilege on his rice crop to a furnisher of supplies, and the court merely held that it was not necessary for plaintiff to have reasonable ground to believe, under the provisions of Act 190 of 1912, that defendant intended to conceal or dispose of his crop, as the bare fact that it was in his power to do so entitled plaintiff to the sequestration. If, in this case, plaintiff was claiming the ownership or possession of the auto, or a lien upon it, or the benefit of some special statute, he would be entitled to the sequestration from the simple fact that it was in the power of the defendant to have concealed, parted with or disposed of the property during the pendency of the action. But as no such claim for the property, a lien thereon, or the benefit of a special statute, was urged in the petition, the writ was properly dissolved.