(100 South. 541)

No. 24524.

### GUEYDAN v. T. P. RANCH CO.

(May 12, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Sequestration** ⬥⟹5—**One advancing money to make crops held entitled to writ, where crops marketed elsewhere.**

One advancing money to make crop of rice, under contract whereby borrower agreed to deliver rice to lender as fast as threshed, giving lender right to take possession thereof at any time and also accelerating due date on note when crop should be marketed, writ of sequestration was properly issued on lender's behalf, where defendant shipped his rice elsewhere for marketing.

2. **Agriculture** ⬥⟹11—**Borrower of money to make crop held not entitled to sell in violation of contract.**

One borrowing money to make crop *held* not entitled to market it elsewhere than with lender, as specified in contract, merely because lender had previously condoned violations of such stipulation.

3. **Sequestration** ⬥⟹5—**Reasonable ground to believe that debtor intends to conceal or part with property unnecessary under statute.**

Under Act No. 190, of 1912, a creditor need not have reasonable grounds to believe that debtor intends to conceal or dispose of crops for which money was advanced, but is entitled to sequestration on bare fact that it is within debtor's power to conceal, part with, or dispose of the property.

4. **Sequestration** ⬥⟹12—**Putting debtor in default unnecessary where contract violated.**

One advancing money to make crops could commence suit for writ of sequestration without previously demanding payment, where defendant had actively violated contract by shipping crops elsewhere than as provided therein.

5. **Corporations** ⬥⟹426(10) — **Corporation reaping benefit of loan not allowed to deny authority of stockholder to act in its behalf.**

Where a corporation in borrowing money from plaintiff acted through one of its minority stockholders, who was the husband of the principal stockholder, the corporation could not defend on the ground that its representative acted without authority, where it had reaped the benefits of the loan and acquiesced in acts of such stockholder.

Appeal from Fifteenth Judicial District Court, Parish of Jefferson Davis; Winston Overton, Judge.

Action by Henri L. Gueydan against the T. P. Ranch Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. J. Carmouche, of Crowley, for appellant.

McCoy & Moss, of Lake Charles, for appellee.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

LECHE, J. Plaintiff is a commission merchant and is engaged in business at Gueydan in the parish of Vermilion. The defendant, a corporation domiciled at Lake Arthur in the parish of Jefferson Davis, was organized for the purpose of owning, leasing, and operating farms and numerous other and kindred purposes unnecessary to mention, as that is not an issue in the case. On February 7, 1919, defendant contracted a loan from plaintiff for the purpose of planting and growing, during the year 1919, a crop of rice upon lands situated in the parish of Cameron. In representation of said loan, defendant executed its promissory note for $2,456, with 8 per cent. interest from date, together with 10 per cent. for attorney's fees, if placed in the hands of an attorney for collection, and payable on or before December 1, 1919. In order to secure the note, defendant recognized the privilege accorded by law in favor of the furnisher of supplies and, in addition, pledged and pawned 819 sacks of rice to be grown, in favor of plaintiff, and gave plaintiff the right to take possession of said rice and dispose of it as his own and to apply the proceeds to the customary charges for insurance and storage, and to the advances made in pursuance of the contract of loan.

On July 31, 1919, an additional loan was contracted by defendant from plaintiff, in

the same manner and under the same terms and conditions; but out of this loan defendant actually received only $91.82.

There is no question that when the present suit was instituted, plaintiff's claims for advances on the two contracts aforementioned, for the year 1919, amounted to $2,547.82.

In addition to his claim for advances for the year 1919, plaintiff's demand in the present suit includes various other claims for advances made to defendant for its own use, in the years 1917 and 1918, and for advances made to defendant for the use and benefit of its tenants, totaling over $7,000, for all of which plaintiff prays for judgment. At the same time plaintiff prayed for and obtained a writ of sequestration under which was seized a quantity of rice already threshed and bagged, as well as the ungathered crop in defendant's field.

The trial judge, in an elaborate opinion, rendered judgment in favor of plaintiff, recognized plaintiff's lien, privilege, and right of pledge on the crop of rice sequestered and seized, for the advances of 1919, amounting to $2,547.82, and ordered the seized rice sold to satisfy the amount of said advances by privilege and preference. He further rendered judgment in favor of plaintiff for the various sums claimed in suit, deducting, however, interest that had been capitalized by plaintiff, all of which findings, so far as the amounts thereof are concerned, are not seriously disputed or contested in this court.

1. Defendant's first complaint is that the trial judge clearly erred when he considered that the writ of sequestration had not issued on any other indebtedness than the crop pledges amounting to $2,547.82 for the year 1919.

The prayer of plaintiff's original petition is for recognition of his lien, privilege, and right of pledge on defendant's rice crop for advances in the sum of $2,547.82, made during the year 1919, together with interest and attorney's fees, for a writ of sequestration and for an order that said rice be sold to satisfy said indebtedness by preference. Plaintiff's other claims, itemized under the 10 following paragraphs of the prayer of his petition, are not alleged to be secured by lien or privilege, nor does plaintiff pray that any writ of sequestration be issued in aid of their collection.

Under the prayer of this petition, the judge ordered the issuance of a writ of sequestration on December 5, 1919. That writ was evidently ordered and issued in accordance with the prayer of plaintiff's petition as ancilliary to his demand for recognition of his privilege and pledge amounting to $2,- 547.82.

Plaintiff subsequently filed two supplemental petitions. The first was for an alias writ of sequestration directed to the sheriff of the parish of Jefferson Davis, where part of the rice had been removed, the original writ having been sent to the sheriff of the parish of Cameron where the rice was grown and located; and the second was a demand for an additional claim of $935.13.

We therefore see no error on the part of the trial judge in holding that the writ of sequestration was issued on plaintiff's demand for $2,547.82, advances made to plant and grow the crop of 1919, which crop was thereafter actually seized and sequestered in obedience to said order and writ.

[1] 2. Defendant's next complaint seems to be based on the ground that plaintiff had not sufficient or legal reason to obtain the writ of sequestration.

The contract under which defendant obtained the loans from plaintiff for the year 1919 distinctly stipulates:

"I (defendant) agree to deliver to said advancer (plaintiff) at Gulf Coast warehouse, Gueydan, La., just as fast as my rice is being threshed, eight hundred and nineteen (819) sacks of rice out of my share raised on the above-described land, and as a consideration

of said advances, without which the same would not have been made, said advancer is hereby accorded the right as part of this contract, to take possession of the rice as if it was his own, at any time, and sell same at the highest market price without my consent."

Another stipulation in the contract is to the effect that the note which on its face is made payable December 1, 1919, should become due and exigible as soon as the crop or crops of the borrower should be marketed.

[2] The evidence shows that, instead of delivering in accordance with the contract, defendant shipped his rice to a rice mill, at Lake Arthur, with a view of marketing the same elsewhere. This shipment is said to have been made about November 13, 1919, and its effect was to correspondingly advance the maturity of the note and to justify plaintiff in resorting to the order of sequestration. Defendant attempted to show that the shipment it made to the Lake Arthur mill was consented to by plaintiff, but the evidence which it offered for that purpose is not convincing and is certainly insufficient to show the waiver on the part of plaintiff of a stipulation which is expressly made an essential condition in the contract. Nor was defendant justified in failing to carry out that stipulation on the ground that in former years, and under different circumstances, plaintiff may have been indulgent enough to condone an occasional violation of the same.

[3] According to the provisions of Act No. 190, p. 336, of 1912, it was not necessary that plaintiff should have had reasonable grounds to believe that defendant intended to conceal, part with, or dispose of the rice, and plaintiff was entitled to a sequestration upon the bare fact that it was within the power of defendant to conceal, part with, or dispose of the same.

We therefore believe that the trial judge properly maintained the sequestration.

[4] 3. Defendant also complains that no itemized account was furnished to it by plaintiff, and that there was no demand for payment made prior to the institution of the suit. In other words, defendant complains that it was not put in default. Default was unnecessary for the reason that defendant committed an active violation of the contract by shipping its rice elsewhere than the plaintiff's Gulf Coast warehouse and by its attempt to market the same through the Lake Arthur mill.

4. Defendant also contends that it is not shown that T. D. Priddy, who acted in all of the business transactions between plaintiff and defendant as representative of the defendant corporation, was regularly authorized and empowered to act for the corporation. So far as the record shows, there are three stockholders in the T. P Ranch Company: Mrs. Priddy, who owns eleven-twelfths or the bulk of the stock; her husband, Mr. T. D. Priddy, who owns one share; and Mr. L. S. Nichols, who also owns one share. A small portion of the stock is said to be owned by a person, or persons, whose names are not given and who are said by Priddy to live north. Defendant had been doing business with plaintiff for several years before the year 1919, always in the same manner, through Priddy, who borrowed and bought from plaintiff and who signed notes and crop pledges in favor of plaintiff. Priddy openly managed all the affairs of the corporation, disposed of its crops, and attended to all settlements. The corporation acted under all contracts made in its behalf by Priddy with plaintiff, received the benefit of these contracts, and there never was any question as to Priddy's power to represent the corporation until the defense of want of authority was made in the present suit. It is not denied that there seldom were any meetings of the directors of the corporation, composed of the three stockholders aforesaid. Mrs. Priddy appears in reality to have been the soul of the corporation.

Her husband evidently managed it with her consent and to her full satisfaction, for, although she must have been familiar with all of his actions in that capacity, she never, so far as third persons are concerned, raised any objection.

The only resolution shown to have been adopted by the directors empowering Priddy to act was one which was specially required by the Calcasieu National Bank before it would consent to enter into a loan in favor of the defendant, on August 23, 1917.

[5] It is a familiar principle in law that it is not always necessary to show the authority of an officer of a corporation by a resolution of its board of directors. A corporation may not, any more than an individual, reap the benefits flowing from the acts of its officers and repudiate the obligations arising from the same acts. Berlin v. Cusachs, Ltd., 114 La. 744, 38 South. 539; Gair v. Columbia Rice Co., 124 La. 194, 50 South. 8; Boudreaux v. Feibleman, 105 La. 404, 29 South. 881. A course of conduct pursued by a corporation for many years, in permitting an officer to do an authorized act, is an acquiescence in such act and creates an estoppel.

We find no error in the judgment appealed from, and that judgment is therefore affirmed.