No. 3814

Second Circuit

McCAIN v. FOSTER

(May 20, 1931. Opinion and Decree.)
(July 14, 1931. Rehearing Refused.)

P. E. Brown, of Arcadia, attorney for plaintiff, appellee.

Goff & Goff, of Arcadia, attorneys for defendant, appellant.

McGREGOR, J. In this case plaintiff sued the defendant for $220.17 for goods, wares and merchandise which were sold by the plaintiff to the defendant for the season of 1929, for the purpose of growing crops for that year, which supplies are alleged to have been used by the defendant in making the crops of 1929 on his farm in Bienville parish. The lien allowed by law to the furnisher of supplies is claimed by the plaintiff, and therefore, coupled with his petition, he prayed for and obtained a writ of sequestration and caused to be seized and sequestrated the crops of defendant grown on his farm during the year 1929.

The defendant filed a motion to dissolve the writ of sequestration on the ground that the allegation of the plaintiff relative to his fear of the defendant removing and disposing of his crops during the pendency of the suit was false and untrue. This motion was taken up and tried and sustained, and a judgment was read and signed in open court on October 29, 1929. On October 31, 1929, plaintiff filed an application for rehearing in the matter of the trial of the motion to dissolve the writ of sequestration.

On November 19, 1929, the defendant filed his answer to plaintiff's demand and coupled therewith he filed his reconventional demand for damages growing out of

the alleged illegal issuance of the writ of sequestration. On the same day it was agreed that plaintiff's application for a new trial on defendant's motion to dissolve the sequestration should be tried at the same time as the main demand.

On November 20, 1929, the case was taken up for trial and the introduction of testimony was proceeded with. Plaintiff undertook to prove the amount of his claim but was met with the objection that the only allegation in plaintiff's petition relative to the amount claimed was in globo and that, therefore, no testimony could be introduced as to dates, items and amounts making up the account sued on. The court sustained this objection and under this ruling it was impossible for the plaintiff to proceed with his case. So at this point plaintiff immediately prepared and filed a motion for a continuance of the case to give him an opportunity to amend his petition so as to conform with the ruling of the court. Simultaneously with this motion the plaintiff prepared and offered to file an amended and supplemental petition, showing that the amount claimed in his original petition was "more fully shown by an itemized statement of the said account" attached to and made a part of the petition. This petition was disallowed and the taking of testimony to substantiate defendant's demand for damages was proceeded with. The court then took the matter under advisement.

On November 22, 1929, while the court had the case under advisement, the plaintiff filed a motion to re-open on the ground that the court had erred in refusing him the right to introduce evidence in support of his claim against the defendant. He specially set out in effect that, since defendant had answered the suit without filing any plea of vagueness, any objection to the proof of the items making up the account came too late, and that this objection should have been made in limine litis by way of a plea of vagueness or a prayer for oyer.

The motion to re-open was allowed and after various fixing the case was taken up and tried again on February 17, 1930. At this trial the plaintiff was permitted to prove the various items making up his claim against the defendant and no testimony at all was offered by the defendant. On February 21, 1930, judgment was rendered in favor of the plaintiff sustaining the writ of sequestration, recognizing plaintiff's lien on the crops as the furnisher of supplies and granting plaintiff judgment against the defendant for the amount prayed for, less the proceeds of one bale of cotton that had been applied to the account since the suit was filed. It is from this judgment that the defendant is prosecuting this appeal.

The plaintiff and appellee has filed a motion to dismiss the appeal on the allegation of irregularity contained in (1) the manner of bringing the appeal to this court; (2) appeal bond filed, and (3) the order for appeal. Counsel has given us no argument or authorities in support of the motion to dismiss and we presume he has abandoned it. It is therefore overruled.

## OPINION

The first question to be determined is as to whether the plaintiff's allegation and proof are sufficient to have issued and sustained a writ of sequestration. The allegation of the plaintiff's petition on which the writ of sequestration was issued is as follows:

"* * * that he has a furnisher's lien and privilege upon the growing crops of the said John W. Foster, upon his land and that the defendant is removing said crops from the land described and the petitioner fears that the defendant will dis-

pose of his crops upon said land during the pendency of this suit; and that a writ of sequestration is necessary to protect the rights of petitioner in the premises."

On trial of the case it was proved conclusively that it lay in the power of the defendant to dispose of the said crops in the way in which the plaintiff alleged he feared he would do. Under the law the plaintiff's allegation and proof are sufficient and the writ was properly sustained. (Act No. 190 of 1912; Max Barnett Furniture Co. v. Louis J. Martel. 3 La. App. 234; Gueydan v. T. P. Ranch Co., 156 La. 397, 100 So. 541.)

Whatever objection there may have been to the manner in which the plaintiff alleged the amount of his claim against the defendant in his original petition was remedied by the court exercising its discretion in allowing the amended and supplemental petition. It appears that the itemized statement of the account was attached to the original petition in the first instance and that through an oversight counsel omitted to refer to the fact in his allegations. But even though he failed to refer to the fact, the allegation with reference to the debt was sufficient to admit of proof of the items and dates in the absence of any exception or plea in limine. After alleging the amount of the indebtedness, the original petition contains the following allegation:

"That petitioner furnished the defendant goods, wares and merchandise which was sold and delivered to the defendant for the season of 1929 for the purpose of growing crops for the present year, and that said goods were used in making the crops on the defendant's farm in Bienville Parish for the crop season of 1929."

In the absence of any plea of vagueness or prayer for oyer asking for an itemized statement of the account, the above allegation was sufficient to admit of proof on the trial of the case on the merits.

On the trial of the case the defendant, though present and represented by counsel, did not take the stand to deny any item of the account. In view of this fact the testimony of the plaintiff and his bookkeeper as to the correctness of the account was sufficient proof of the same. On trial of the motion to dissolve, the defendant admitted that he owed the plaintiff an account and it is evident that he recognized the same by making payments on it.

For the reasons assigned the judgment appealed from is affirmed; the defendant and appellant to pay all the costs in both courts.