ROGERS, Justice.
 

 The relator, Roland Bass, Marshal of Ward Five of- Allen Parish, applied to the Fourteenth Judicial District Court of the Parish for a mandamus to compel the Mayor and Board of Aldermen of the City of Oakdale, which is situated within, the ward, to provide for him an annual salary of $1,250, payable monthly, as Marshal of the Fifth Ward Court and to reinstate him as Chief of Police of Oakdale. The case was heard and dismissed in the district court on an exception of no right or cause
 
 *945
 
 •of action and a plea of estoppel. This appeal followed.
 

 Relator filed an original and a supplemental petition. Relator, in his petitions, alleged substantially that there has been created and established in the Fifth Ward of Allen Parish and in the’City of Oakdale a city court known as the Fifth Ward City Court; that having been elected Marshal of the Court at the regular election held in November, 1942, he qualified as such and is now in actual possession of the office; that the law provides that his salary as marshal shall be paid by the Police Jury of Allen Parish and the Mayor and Board of Aldermen of the City of Oakdale; that on August 5, 1942, the Mayor and Board of Aldermen of Oakdale fixed his salary at $10 per month, beginning as of December 1, 1942, and that at about the same time, the Police Jury also fixed its share of his salary at $10 per month. That previous to that time relator had been receiving as Chief of Police a salary of from $110 to $120 per month from the City of Oakdale; that on February 8, 1943, he was notified by the Mayor of Oakdale that he had been discharged .and was no longer connected with the police force of that City.
 

 Relator alleges that his total salary as Marshal as fixed by the City of Oakdale and the Police Jury is $20 per month or ■$240 per year; that the fixing of his salary as Marshal at $10 per month by the municipality is absurd, and is an attempt to remove him from the office to which he was elected. That his office as Marshal was created by the Legislature and the Mayor and Board of Aldermen of the City of Oakdale have no power to abolish it.
 

 Relator alleges that the statutory provisions which created the City Court and provided for the election of a Marshal makes the Marshal the Chief of Police of the City of Oakdale and that neither the Mayor nor the Board of Aldermen, individually or collectively, is authorized to discharge the Chief of Police.
 

 Relator alleges that under the law it is the ministerial duty of the Mayor and Board of Aldermen of the City of Oakdale to fix and pay him a salary commensurate with and adequate to the work to be performed by him.
 

 Relator alleges that as Marshal of the Fifth Ward City Court, he serves not only the City of Oakdale, which has a population of more than 5,000, but also the Town of Elizabeth with a population of 2,500 and a population outside those towns in the ward, which is twenty-four miles long and twelve miles wide, and “that it is necessary-in order to transact the business at his office that he have and constantly use an automobile at his own expense.” Relator alleges that his salary as Marshal should be fixed at $2,500 per year, of which $1,250 should be paid by the City of Oakdale.
 

 The City of Oakdale is not operating under a special charter or grant of power from the Legislature. It was incorporated under the provisions of Act No. 136 of 1898, generally referred to as the Lawrason Act. Section 19 of the statute provides that every municipality created thereunder shall have a mayor, alderman, a
 
 *947
 
 marshal, a tax collector and a street commissioner. The number of aldermen is fixed according to whether the municipality is a city, town or village. It is provided in this section that the mayor, aldermen and the marshal shall. be elected by the people and that the other municipal officers are to be elected by the mayor and board of aldermen.
 

 Section 29 of Act No. 136 of 1898 was amended and re-enacted by Act No. 91 of 1904, Act No. 160 of 1910, Act No. 96 of 1921, Act No. 151 of 1928, and Act No. 167 of 1936. It is provided in the amendatory Act No. 167 of 1936 that in wards containing cities of more than 5,000 inhabitants the voters of the ward shall elect, for a term of six years, a city judge to be vested with limited civil and criminal jurisdiction. Act No. 167 of 1936 provides in part: “For every City Court, there shall be a Marshal who shall be elected at the same time as the City Judge, by the voters of the ward, who shall hold his office for a term of six years. His salary shall be paid by the Police Jury and the Board of Aldermen or Commission Council payable monthly on his own warrant, and said Police Jury, Board of Aldermen or Commission Council shall each fix the amount of salary to be paid monthly by it to said Marshal in such amount as determined by it, * *-
 

 The statute also makes the ward marshal the executive officer of the city court with the same powers and duties as a constable in a justice of the peace court. Neither the statute nor any other provision of law makes the ward marshal the chief of police of the municipality in which the court is located.
 

 It will be seen that under sections 19 and 29 of Act No. 136 of 1898, as amended, the office of city marshal and ward marshal are statutory offices and are filled by election by the people. Relator was not elected as City Marshal of the City of Oakdale. He was elected as Marshal of the City Court of Ward Five for the Parish of Allen in which the City of Oak-dale is situated. Therefore, since relator, as Marshall of Ward Five, is not made by law the Marshal of the City of Oakdale, he can not by mandamus compel the municipal authorities to reinstate and recognize him as chief of police of the municipality.
 

 The other proposition of law presented on the appeal is whether, under the allegations of the petitions,' relator exhibits a right or cause of action on his claim that the Mayor and Board of Aldermen of the City of Oakdale are seeking to remove him from his office by indirect means, knowing that they can not do so by direct action. Relator makes the specific charge in Article 19 of his original petition “that the reduction of his salary to $10 per month by said Mayor and Board of Aider-men was and is an attempt to remove him from his office to which he was elected by the people by starving him out and to place him under the beck and call of the Mayor.”'
 

 Respondents, in support of their exception of no right or cause of action-, argue-that the Mayor and Board of Aldermen of the City of Oakdale are vested with discretionary power to fix the salary to be
 
 *949
 
 paid by the municipality to the relator as Marshal of Ward Five of the Parish of Allen. This appears to be the crucial question to be considered in determining whether the allegations of relator’s petitions disclose a right and cause of action. In considering the question, our only concern is with the allegations of relator’s petitions. The merits of the case are not before us.
 

 Accepting as correct, as we must, the allegations of relator’s petitions, we fail to perceive how respondents can successfully contend that relator has no right of cause of action to prosecute this stiit.
 

 Relator alleges that as Marshal of Ward Five and Chief of Police of Oakdale, he has been receiving a salary of from $110 to $125 per month and that it was only because of the desire of the municipal authorities of Oakdale to remove him from his office as Marshal of the City Court of Ward Five and not in the interest of economy that he was discharged as Chief of Police and his salary as Marshal of the City Court was reduced to the ridiculous sum of $10 per month.
 

 Undoubtedly, under the provisions of Act No. 167 of 1936, the Mayor and Board of Aldermen of the City of Oak-dale are given the discretionary power to fix the amount the municipality is required to contribute to the payment of the salary of the marshal of the City Court of Ward Five. But in fixing the City’s portion of the salary of the marshal, the municipal authorities can not abuse the discretion which has been vested in them’ by the statute. Clearly, relator in his petitions charges that the Mayor and Board of Aldermen have abused that discretion in regard to the amount of salary the City should pay him as marshal of Ward Five. Relator alleges facts on which those charges are based.
 

 It is a well-settled principle of law that where the Legislature creates an office, a city council can not abolish or nullify it either by direct or indirect means. It stands to reason that a municipal council can not fix the salary of a ward marshal so low that ’ a competent person can not afford to accept the office. If the council attempts to do this, the court may interfere to prevent the abuse by the council of its discretionary right to fix the marshal’s salary. It was so held in State ex rel. Thurmond v. City of Shreveport, 124 La. 178, 50 So. 3, 8, 134 Am.St.Rep. 496. In refusing the application of the respondent for a rehearing, the court remarked: “The authorities cited in our original opinion justify the interposition of the courts in cases where it is manifest that the municipal authorities have sought, either directly or indirectly, to abolish a statutory office or to starve out the incumbent.”
 

 In State ex rel. Altom v. Village of Lanesville, 143 So. 77, the Court of Appeal for the Second Circuit,. citing the Thurmond and other cases, maintained the principle that the courts are authorized to interfere in cases of abuse of discretionary powers by municipal councils and police juries. In that case the relator, who was Marshal of the Village of Lanesville, sued to annul an ordinance adopted by the Mayor and Board of Aldermen of the
 
 *951
 
 village to reduce his salary from $40 per month to $1 per month. He charged that the ordinance was adopted by the municipal authorities solely because of their desire to get rid of him and not because of inefficiency and not in the interest of economy. The Court of Appeal held that the allegations were tantamount to averments of abuse of discretion in the alleged action of the council. The Court of Appeal reversed the decision of the district court maintaining exceptions of no right or cause of action and ordered the case to be tried on its merits.
 

 In respondents’ brief, it is apparently conceded that relator, in his petitions, alleges that the Mayor and Board of Aider-men abused their discretion in fixing his salary as ward marshal at $10 per month. But it is argued in the brief that there was no abuse of discretion on the part
 
 oí
 
 the municipal authorities because the court must-take notice that Act No. 167 of 1936 makes the marshal merely a constable of the court with the same powers and duties as exercised by a constable in a justice of the peace court; that the ward marshal is not a municipal police officer who is required to devote full time to his job and that it is customary to pay constables throughout the State only $5 or $10 a month. That argument involves the merits of the case.
 

 Whether the Mayor and Board of Aldermen of the City of Oakdale, in fixing relator’s salary as ward marshal at $10 per month, actually abused the discretion vested in it by law' can only be decided on the trial of the merits.
 

 Our conclusion is therefore that the-judgment of the lower court is erroneous insofar as it sustains the exception of no-right or cause of action to relator’s demand that the Mayor and Board of Aider-men in the City of Oakdale fix a reasonable amount for the City’s portion of his salary as Marshal of Ward Five so as to enable him to perform his duties and make a living out of the emoluments of the office.
 

 We find no merit in respondents’ plea of estoppel which is embraced in respondents’ exception of no right or cause of action. The basis of the plea is the ordinance adopted by the Mayor and Board of Aldermen of Oakdale on August 5, 1942, reducing the salary of the ward marshal to-$10 per month effective December 1, 1942, which was prior to the election of relator to the office in November, 1942.
 

 Respondents argue that having been elected and qualified as Marshal of Ward Five as the result of the election held in November, 1942, with notice or knowledge that beginning on December 1, 1942, when his new term began, the City of Oakdale would pay him only $10 per month for his services as ward marshal, relator is es-topped to complain that the salary of $10 a month was hot sufficient compensation.
 

 In his supplemental petition answering respondents’ plea of' estoppel, relator shows that he announced his candidacy for reelection as ward marshal by publication in the Oakdale Journal on July 23, 1942; that at that time he was being paid a salary of $125 per month for his services as Marshal,'of which $87.50 was paid by the City of Oakdale and $62.50 was paid by
 
 *953
 
 the Police Jury; that at the time of the primary election held on September 8, 1942, and of the regular election held in November, 1942, relator was still being paid a salary of $125 per month; that when he learned of the action of the municipal authorities in reducing the salary of the ward marshal to $10 per month he consulted his attorney and was advised that the municipal authorities could not legally fix his salary at that sum or at any other sum so low as to make it impossible for him to hold his office to which he was elected by the people.
 

 It is elementary that estoppels are not favored in law and will not be maintained unless the person urging estoppel has been misled, to his prejudice, by the actions or conduct of his adversary. Certainly the City of Oakdale was not prejudiced because relator became a candidate for ward marshal along with four other candidates. The municipality was not placed in a worse position by the election of relator to the office.
 

 The action of the Mayor and Board of Aldermen of the City of Oak-dale in fixing the salary of the ward marshal at $10 per month may be changed at the discretion of the municipal authorities, subject only to their obligation to fix the salary at a sum that will permit a competent person to hold the office.
 

 The office held by relator is not contractual. It is statutory. Relator does not hold the office as the result of a contract with the municipal authorities, but by virtue of his election to the office by the people of the ward. Although the statute creating the office authorizes the municipal authorities to fix the salary of the ward marshal, the salary must be adequate for the purpose intended. It can not be fixed at a rate so low that no competent person can afford to accept the office.
 

 Neither the relator nor the other candidates for the office agreed or promised to be satisfied with the salary of $10 per month. Even if relator, while a candidate, had publicly announced that he would accept that salary, he would not be estopped, after his election, from claiming the salary to which he is reasonably entitled.
 

 The amount of compensation fixed by law. for an office can not be changed by agreement entered into either before or after a person has been elected to the office. Neither can a person who is a candidate for an office in which the fixing of the compensation is entrusted by the Legislature to a municipal corporation lawfully agree that he will hold the office at a rate of compensation so low that no competent person can afford to accept it. Such agreements are void as being against public policy.
 

 A person who, in his announcement as a candidate for' an office, agrees to accept a salary too small to afford him a comfortable living and to adequately perform the duties of the office is not estopped from claiming and receiving a reasonable salary after his election.
 

 It has been held in a number of cases that if an officer accepts an office, whose compensation it has been attempted
 
 *955
 
 illegally to reduce and accepts and receives the compensation at said, reduced rate, he is-not estopped from claiming the balance as fixed by law. 29 Cyc. p. 429, and authorities cited.
 

 For the reasons assigned, the judgment appealed from is annulled, the exception of no right or cause of action and plea of estoppel are overruled, and the case is remanded to the district court for further proceedings consistent with the views herein expressed.- Costs of this appeal are to be paid by the respondents, all other costs to await the final decision in the case.