Counsel for the liquidator have not referred us to any authority in support of their contention.

For the reasons assigned, the motion to dismiss the appeal is sustained and the appeal is dismissed at appellants' costs.

**21 So.2d 482**

**STATE ex rel. BASS v. MAYOR AND BOARD OF ALDERMEN OF CITY OF OAKDALE.**

**No. 37571.**

Feb. 19, 1945.

Grover C. Vidrine, of Oakdale, for defendants-appellants.

J. A. Williams, of Lake Charles, for relator-appellee.

HAMITER, Justice.

In Ward Five of Allen Parish, of which the City of Oakdale with a population of more than 5,000 is a part, there exists a City Court, it having been established pursuant to the requirement of section 29 of Act 136 of 1898, as last amended by Act 167 of 1936, that "in wards containing cities of more than 5,000 inhabitants, there shall be elected by the voters of the ward, for a term of six years, a City Judge * * *."

The Marshal of that City Court is the relator herein, Roland Bass, who was duly elected to and holds the position in accordance with the following provision of the mentioned statute and section:

"For every City Court, there shall be a Marshal who shall be elected at the same time as the City Judge, by the voters of the ward, who shall hold his office for the term of six years. His salary shall be paid by the Police Jury and the Board of Aldermen or Commission Council payable monthly on his own warrant, and said

Police Jury, Board of Aldermen or Commission Council shall each fix the amount of salary to be paid monthly by it to said Marshal in such amount as determined by it; * * *."

Subsequent to the action of the Board of Aldermen of the City of Oakdale in fixing its share of the Marshal's monthly salary at $10 and in discharging relator as a member of the police department of that city, and after the Police Jury of Allen Parish had likewise decided to pay only $10 per month as its part of the salary, relator brought this suit to compel the Mayor and Board of Aldermen to "provide for and pay to him as Marshal of the said Fifth Ward Court and as Marshal of said Ward a salary of $1250.00 per year, from December 1, 1942, payable $104.17 per month and to reinstate and recognize him as Chief of Police of said City of Oakdale." No demand is made against the police jury.

The district court dismissed the suit on exceptions of no cause and no right of action and a plea of estoppel, and from that judgment relator prosecuted an appeal to this court. We reversed the judgment, overruled the exceptions and plea, and remanded the case for trial on its merits. 204 La. 940, 16 So.2d 527, 530.

In the course of our written opinion rendered on that hearing we observed that relator is the Marshal of Ward Five of Allen Parish, not the Marshal of the City of Oakdale, and as such he can not be recognized as the Chief of Police of that municipality. However, there was offered the further observation, including a

declaration of the law governing the principal issue of this controversy, that:

"Undoubtedly, under the provisions of Act No. 167 of 1936, the Mayor and Board of Aldermen of the City of Oakdale are given the discretionary power to fix the amount the municipality is required to contribute to the payment of the salary of the marshal of the City Court of Ward Five. But in fixing the City's portion of the salary of the marshal, the municipal authorities can not abuse the discretion which has been vested in them by the statute. Clearly, relator in his petitions charges that the Mayor and Board of Aldermen have abused that discretion in regard to the amount of salary the City should pay him as marshal of Ward Five. Relator alleges facts on which those charges are based.

"It is a well-settled principle of law that where the Legislature creates an office, a city council can not abolish or nullify it either by direct or indirect means. It stands to reason that a municipal council can not fix the salary of a ward marshal so low that a competent person can not afford to accept the office. If the council attempts to do this, the court may interfere to prevent the abuse by the council of its discretionary right to fix the marshal's salary. It was so held in State ex rel. Thurmond v. City of Shreveport, 124 La. 178, 50 So. 3, 8, 134 Am.St.Rep. 496. In refusing the application of the respondent for a rehearing, the court remarked: 'The authorities cited in our original opinion justify the interposition of the courts in cases where it is manifest that the municipal authorities have sought, either directly or indirectly, to abolish a statutory office or to starve out the incumbent.'"

On the trial of the merits, following the remanding of the case, the district court had before it the question of whether or not the municipal authorities had actually abused their discretion by fixing the city's portion of the Marshal's salary at only $10 per month. The judge, after receiving evidence and on concluding that there had been an abuse of that discretion, made peremptory the alternative writs of mandamus and ordered defendants to pay to relator as Oakdale's share of his salary as Marshal of the Fifth Ward City Court of Allen Parish the sum of $100 per month, the payments commencing as of December 1, 1942, and being subject to credits of $10 per month from such date. Defendants are appealing.

Our study of the evidence in the record has not convinced us that the trial judge committed manifest error.

The Fifth Ward of Allen Parish, according to that evidence, embraces an area eleven miles wide and thirteen miles long. It contains in excess of 10,000 inhabitants, approximately half of whom reside within the corporate limits of the City of Oakdale. In the discharge of his official duties, such as making arrests and serving court processes, the Ward Marshal is required to operate throughout the limits of Ward Five, as well as within the City of Oakdale, and to accomplish the necessary traveling he is compelled to keep and maintain an automobile.

Defendants, in contending that $20 per month (half paid by the city and half by the police jury) is adequate salary for the Ward Marshal, insist that the position requires only a small part of a person's time, calling attention to the fact that such official, over a lengthy period, has handled very few cases each month. It is undoubtedly true that ordinarily the Ward Marshal's work is light and that relatively few matters require his attention; but it is likewise true, and this is shown by the record, that he is on duty at all times, being subject to call at any hour, day or night. Furthermore, it is not at all improbable, considering that he is a peace officer, that of the demands made on him some will involve work of a very hazardous nature.

Appellants offered as witnesses two persons, one a farmer and the other a filling station employee and both of whom were defeated for the Marshal's position by relator in the 1942 primary, who testified that they had expected and planned, if elected to the position, to continue with their regular occupations. Neither of these, however, expressed himself definitely on the adequacy of the salary of $20 per month. Moreover, the statute, as we understand it, does not contemplate that the position is to be held only by one who is otherwise engaged in a gainful occupation. The Legislature, it seems to us, would have so declared in unmistakable language if that had been its intention.

Therefore, the trial judge, in our opinion, did not err in concluding that the municipal authorities had abused their discretion and that the salary proposed and fixed for the Marshal of Ward Five City Court of Allen Parish was so low that a competent person can not afford to accept the office. Furthermore, considering the facts and circumstances of the case, we are unable to declare excessive the sum of $100 per month fixed by such judge as the share of the Marshal's salary to be paid by the City of Oakdale.

As to the part of relator's salary to be borne by the Allen Parish Police Jury, we express no opinion. That body was not impleaded as a defendant and no question respecting its liability is before us.

For the reasons assigned the judgment is affirmed.