89 So.2d 380

Fred E. RUSS, d/b/a Collateral Discount Company,

v.

UNITED FARM EQUIPMENT CO., Inc.

No. 42563.

June 11, 1956.

Rehearing Denied June 29, 1956.

·Carstarphen & Carstarphen, Shreveport, for plaintiff-appellant.

J. Edwin Bailey, Jr., Shreveport, for defendant-appellee.

PONDER, Justice.

Plaintiff brought suit on four promissory notes, all executed on the same date between the same parties and aggregating the sum of $4,420, seeking to collect from United Farm Equipment Company, Incorporated this amount, less a credit of $100 together with 8% per annum interest from November 1, 1949 and attorney's fees in the amount of 10% on the aggregate amount of the principal and interest. It was alleged by plaintiff that the notes were signed by V. P. Conley as President of United Farm Equipment Company, Incorporated. After the filing of various exceptions and a supplemental petition by the plaintiff, the defendant answered alleging that V. P. Conley was never authorized by resolution of the corporation to borrow money on ·behalf of the United Farm Equipment Company, Inc. and defendant denies that he had the authority to execute the said notes in behalf of the defendant and further that there was a novation in that the plaintiff did accept from V. P. Conley a note in the amount of $3,000 secured by mortgage on the home of V. P. Conley. Defendant also denies the allegation of plaintiff that the company has received the benefit of the loan. On motion of the defendant, the case was tried by jury and after hearing there was a finding for the defendant. The plaintiff has appealed.

It is the contention of appellant that the actions of an officer of a corporation done without resolution of the board may be ratified and acquiesced in by the corporation and the corporation is estopped to deny the officer's authority to act when it has received the benefit of the acts. Appellant also contends that novation is never presumed and it must be clearly shown that the creditor intended to extinguish an existing obligation and to substitute a new one.

The record shows that the plaintiff had made several loans to V. P. Conley on previous occasions as president of the defendant company and that these funds, along with the funds involved herein, were deposited to the account of the defendant in the Bossier Bank and Trust Company, Bossier City, Louisiana. The defendant company is a closed corporation consisting of only three members, all of whom had authority to draw checks on the account in the Bossier Bank. Of the three members, only Mr. E. H. Britt, Vice-President testified. Conley could not be located, having embezzled funds of the corporation, and Dr. Jack E. Carlisle, Secretary, was in the armed forces. Mr. Britt testified that he never inspected the bank statements and only Mr. Conley made deposits and drew checks and that he [Mr. Britt] handled the

construction end of the business. When Conley disappeared, Britt testified, Conley destroyed all of the books of the corporation so that the transactions of the corporation could not be traced.

It is evident that the money loaned to Conley by the plaintiff was deposited to the account of the defendant corporation in the Bossier Bank & Trust Company and withdrawn by Conley as President of that company.

■■■ The law is well settled that a course of conduct pursued by a corporation in permitting an officer to do an act is an acquiescence in such act and creates an estoppel. Gueydan v. T. P. Ranch Co., 156 La. 397, 100 So. 541; Scharfenstein & Sons, Inc., v. Item Co., 174 La. 794, 141 So. 463; Acadian Production Corporation v. Savanna, 222 La. 653, 63 So.2d 343. And a corporation may ratify the acts of its officers even though the act was without the authority of a formal resolution of its Board of Directors. Acadian Production Corporation v. Savanna Corporation, 222 La. 617, 63 So.2d 141 and authorities cited therein. In the case of City Savings Bank & Trust Company v. Shreveport Brick Co., Inc., 172 La. 471, 134 So. 397, cited and relied upon by the appellant, where a corporation was composed of three members but one transacted all of the business and managed all of its affairs, the court held that the other members were without right to contest his authorization when they had ac-

quiesced by their silence and inaction in the affairs of the company. Further, in that case, as here, the active member had made previous loans from the same bank and the court pointed out that the company had reaped the benefits and, therefore, could not complain of the unauthorization.

■■■ A corporation may not reap benefits and repudiate obligations arising from officer's acts on the ground that there was no resolution of the board authorizing such acts. Berlin v. Cusachs, 114 La. 744, 38 So. 539; Boudreaux v. Feibleman, 105 La. 401, 404, 29 So. 881; Gair Co. v. Columbia Rice Packing Co., 124 La. 193, 194, 50 So. 8; Scharfenstein & Son v. Item Co., 174 La. 794, 141 So. 463.

■■■ There is evidence in the record that V. P. Conley absconded with company funds and that he and the plaintiff were personal friends but, be that as it may, the record establishes the fact that the funds of previous loans made by the plaintiff and the present one were commingled with the corporation funds and there is no proof that the corporation did not benefit thereby. It is indeed unfortunate that Conley destroyed all of the books of the corporation but it is more unfortunate that Britt and Dr. Carlisle did not take more of an interest in the corporation's affairs and in Conley's activities on behalf of the corporation. Although it is harsh to hold the corporation liable under the established juris-

prudence, no other result can be reached. It would be impossible to conclude that although the funds were deposited in the corporation's account that there was no benefit derived therefrom in the absence of positive proof to establish this fact. The fact that Conley destroyed the books is no concern of the plaintiffs.

It is next contended by appellee that if this Court concludes that the obligation is binding then it pleads novation. The evidence shows that plaintiff accepted from Conley a note secured by mortgage on Conley's home in the amount of $3,000 and that at a later date by agreement the home was sold and the $3,000 placed in escrow according to a written agreement. This escrow agreement provides that in the event the court or courts should decide in favor of United Farm Equipment Company, Inc. in the lawsuit pending between plaintiff and United Farm Equipment Company, Inc., then, and in that event, the escrow agent was authorized to deliver to the plaintiff the mortgage note to be used by him in any manner he deemed necessary to partially protect himself; and in the event a judgment was secured by the plaintiff against United Farm Equipment Company, Inc. and satisfied then the escrow agent was authorized to deliver the mortgage note to V. P. Conley and his wife. This agreement was signed and entered into between plaintiff and Conley and the other members of the corporation were not parties to the agreement nor were they apprised of its existence.

█ Novation is defined as a contract that consists of two stipulations which extinguish an existing obligation and substitute another obligation in its place. Under Article 2187, LSA–C.C., the pre-existent obligation must be extinguished, otherwise there is no novation; if it be only modified in some parts, and any stipulation of the original obligation be suffered to remain, it is no novation. It has been held that a new conditional obligation will not effect a novation until the condition is fulfilled. See 25 Tulane Law Review 110 and Article 2186 of the LSA–Civil Code.

Pertinent excerpts from 25 Tulane Law Review, page 109 and 110 are as follows:

"Novation is defined as a contract that consists of two stipulations which extinguish an existing obligation and substitute another obligation in its place. The contract of novation may take place in three different ways: (1) by the substitution of a new debt; (2) by the substitution of a new debtor; and (3) by the substitution of a new creditor."

"It has been held that a new conditional obligation will not effect a novation until the condition is fulfilled." Article 2186 and also 1792, 2221, 2228. "A further requisite to the contract of novation is that the

original obligation must be extinguished and not merely modified." Art. 2187; Rosenda v. Zabriskie, 4 Rob. 493; Levy v. Ford, 41 La.Ann. 873, 6 So. 671.

"The determining factor in all the cases is the intention of the parties to substitute a new obligation for the original agreement, and only if this intention is present does the original obligation with all of its accessories cease to exist." Arts. 2187, 2190, 2195.

"The primary effect of a novation by the substitution of another agreement for the original obligation is the extinguishment of the original agreement (Arts. 2187 and 2189) and the creation of a new obligation in its place. Arts 2185, 2189. * * * Nevertheless, if the creditor has attempted to effect a novation which will retain the liability of the co-debtors or sureties, their refusal to accede to the new arrangement will prevent the novation."

■ Under the plain provisions of the codal articles and the law, the escrow agreement herein cannot be considered a novation.

For the reasons assigned the verdict of the jury and the judgment of the lower court are reversed and set aside. There is now judgment in favor of the plaintiff, Fred E. Russ, d/b/a · Collateral Discount Company, and against the defendant, United Farm Equipment Company, Incorporated, in the sum of $4,320 together with 8% per annum interest from November 1, 1949 and attorney's fees in the amount of 10% on the aggregate amount of the principal and interest. All costs to be paid by the defendant.

McCALEB, J., dissents with written reasons.

SIMON, J., dissents.

McCALEB, Justice (dissenting).

As I understand the opinion of the majority, it is to the effect that defendant corporation is estopped to deny the unauthorized borrowings of its president by reason of having acquiesced in them, and also that defendant corporation ratified these unauthorized acts by reaping the benefits flowing from them. I am not in accord with either of these findings.

It is well established that estoppels are not favored in law and will not be maintained except in clear cases. Selber Bros. v. Newstadt's Shoe Stores, 203 La. 316, 14 So.2d 10; Rials v. Davis, 212 La. 161, 31 So.2d 726, and Arkansas Louisiana Gas Co. v. Thompson, 222 La. 868, 64 So.2d 202. It is also settled that an estoppel

will not be maintained unless the person urging it has been misled to his injury or prejudice by the conduct of him who is sought to be estopped. State ex rel. Bass v. Mayor and Board of Aldermen, 204 La. 940, 16 So.2d 527; Liquidation of Canal Bank & Trust Co., 211 La. 803, 30 So.2d 841, and Janney v. Calmes, 212 La. 756, 33 So.2d 510.

The evidence in the record does not indicate that plaintiff was ever misled by any conduct on the part of defendant corporation. As the head of a finance company, he must have been aware that Conley could not obligate the corporation without authority from the board of directors. He had no reason to suppose that such authority had been given, merely because Conley had effected three previous loans. No pattern or course of conduct[1] had been established that would justify the belief that the board of directors had empowered Conley to borrow money for the corporation or that it had acquiesced in such loans.

In addition, there is ample evidence of the personal friendship and dealings between plaintiff and Conley to support a

finding that the loan was believed by both to be personal to Conley and not an obligation of the corporation. Corroborative of this view is the fact that, subsequent to the making of the loan, Conley granted plaintiff a mortgage on Conley's house in the amount of $3,000 as collateral security for the loan and that, later, the home was sold and the $3,000 placed in escrow pending the outcome of this litigation.

Indeed, a reading of plaintiff's testimony has convinced me that there is no equity in his case and, consequently, no ground for sustaining a plea of estoppel in his favor.

It is also clear to me that there was no ratification of the loan. Although Conley destroyed the corporation's books prior to his departure for parts unknown, the record discloses that he embezzled some $15,000 of the corporation's funds shortly after depositing the borrowed money in the corporation's account. In light of this, it is scarcely realistic to suppose that any benefit was derived by defendant from the loan.

I respectfully dissent.

1. The three cases cited in the majority opinion to the effect that a corporation's course of conduct in permitting an officer to do an act constitutes an acquiscence in such act and thus creates an estoppel can be distinguished from the instant case on their facts—besides, the course of conduct found to work an estoppel in each of those matters covered many years while in the instant case it involved a period of less than three months. Also, the case of City Savings Bank & Trust Company v. Shreveport Brick Co., 172 La. 471, 134 So. 397, is not apposite here since it concerned a so-called "one-man" corporation. In the case at bar, both Conley and Britt were active in the affairs of the corporation.