520 So.2d 1194 (1988)
Dua MORVANT, Jr., Plaintiff-Appellee,
v.
HIMEL MARINE, INC., Defendant-Appellant, Monark Boat Company, Inc., Third-Party Defendant-Appellant.
No. 87-9.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
Rehearing Denied March 23, 1988.
*1195 Patricia A. Thomas, Roger Boynton, Abbeville, for plaintiff-appellee.
Edward S. Patout, Landry, Watkins & Bonin, Edward P. Landry, New Iberia, for defendant-appellant.
Before GUIDRY, YELVERTON and SWIFT[*], JJ.
GUIDRY, Judge.
In this redhibitory action, plaintiff seeks rescission of the sale of a Monark boat, motor and a boat trailer together with damages and attorney's fees. The seller, Himel Marine, Inc. (Himel), was made defendant. Himel answered, generally denying the allegation of plaintiff's petition, and filed a third party demand against Monark Boat Company, Inc. (Monark), the boat manufacturer, seeking indemnity for all losses incurred by Himel as a result of plaintiff's demands. The trial court rendered judgment in favor of plaintiff against Himel rescinding the sale and ordering a return of the purchase price together with judicial interest and attorney's fees in the amount of $1,500.00. Himel was granted judgment over against Monark for the purchase price of the boat plus interest. Himel was cast with all costs. Both Himel and Monark appealed.

FACTS
On or about August 31, 1983, plaintiff, Dua Morvant, Jr., purchased a 17 foot McKee boat, 80 horsepower Mercury motor and a trailer from Himel. The following weekend, when plaintiff first attempted to use the boat, the power trim on the engine would not function. Morvant was unable to use the boat and returned it to Himel's who corrected the problem. The next weekend plaintiff used the McKee boat but was unable to get the boat "on step" despite the engine running at its maximum RPM of 5,500. After returning to his home, plaintiff and his father inspected the hull of the McKee boat and found waves on the fiberglass bottom and a "hook" at the rear of the boat. Plaintiff returned the boat to Himel. In an attempt to satisfy the plaintiff, Himel agreed to exchange the McKee boat and Mercury motor for any other manufacturer's boat and motor of equal value. Plaintiff agreed and selected a boat manufactured by third party defendant, Monark, and a 90 horsepower Johnson engine. Morvant testified that the main reason he chose the Monark boat was a feature highly touted by the Himel staff, the boat was equipped with drains from the live bait wells, through the transom, to the exterior of the boat. The main advantage of this feature is that it prevents any residue from the bait or catch from going into the bilge where it would produce offensive, noxious odors. Additionally, this feature reduces the possibility of the bilge pump becoming clogged with foreign matter. *1196 The exchange cost plaintiff an additional $237.00 for installation of a throttle on the Monark boat.
Morvant first attempted to use the Monark boat on the weekend of October 10, 1983. On this occasion, he discovered several leaks in the stern of the boat. Inspection by the Himel staff and by Thomas Patin, the Monark factory representative, revealed that the through-hull drain had been improperly affixed to the boat, allowing leakage through and causing some delamination of the transom around the drain holes. Patin testified that, because Monark did not want any of its customers purchasing a new Monark boat to accept anything less, i.e., a repaired boat, he agreed to furnish Morvant with a new boat. In the meantime, the defective boat was repaired and returned to plaintiff for his use until the new replacement boat arrived.
It is undisputed that plaintiff was adamant about having the exterior drains for the live wells built into the replacement boat at the factory. When the newly completed boat arrived at Himels in January of 1984, Morvant was contacted so that he could bring in the repaired Monark boat and have the motor and other transferrable accessories installed on the new Monark boat. Plaintiff testified that when he arrived at Himels and inspected the new boat, he discovered that, despite his specific instructions, the "live well" drains had not been installed at the factory in the new craft. At that point, Morvant became discouraged, left both boats at Himels and turned to his attorney seeking to have the sale set aside and his purchase price refunded. On January 23, 1984, counsel for plaintiff notified Himel, by registered letter, that his client wished to rescind any and all sales with Himel. Himel refused plaintiff's demand and this suit followed. The trial court rendered judgment as aforementioned and this appeal followed.
On appeal, Himel argues that the trial court erred in the following respects:
1. Finding the evidence preponderated that the Monark boat supplied by vendor, Himel Marine, Inc., was not suitable for the purposes intended and in ordering a rescission of the sale of the boat, motor and trailer and a return of the total price of $10,237.00, together with judicial interest and attorney's fees in the amount of $1,500.00.
2. Not granting the third party plaintiff, Himel Marine, Inc., full indemnity for all its losses, including court costs and attorney's fees against the third party defendant, Monark Boat Company, Inc.
Monark, on appeal, urges the following specifications of error:
1. The trial court erred in finding that the Monark boat supplied by the vendor, Himel Marine, Inc., was not suitable for its intended use and in ordering a rescission of sale of the boat, motor and trailer and return of the purchase price thereof.
2. The trial court erred in awarding any attorney's fees to plaintiff.
3. The trial court erred in granting third party plaintiff, Himel, indemnity for any losses it may have incurred from the sale of the Monark boat.
4. In the alternative, the trial court erred in not awarding a reduction in purchase price to the plaintiff as opposed to a rescission of sale.
The following Civil Code Articles on redhibition govern the disposition of this case:
Art. 2520. Redhibition, definition
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
Art. 2531 states:
"The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any *1197 fruits or use which the purchaser has drawn from it.
In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish or prevent such recoupment by the seller shall not be given any force or effect."
Art. 2545 states:
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
First, we find that the McKee sale is of no consequence in deciding the instant matter. When the parties agreed to the exchange of the McKee rig for the first Monark rig, this operated as a novation of the first sale. In this transaction, Himel allowed plaintiff to select all new components, boat, motor and trailer. Plaintiff agreed to this and actually took delivery of the new components. The law is clear that a novation occurs whenever an old obligation is replaced by a new obligation either in whole or in part. La.C.C. arts. 2185 and 2189 (1870); Pike Burden Printing v. Pike Burden, Inc., 396 So.2d 361 (La.App. 1st Cir.1981); Russ v. United Farm Equipment Company, 230 La. 889, 89 So.2d 380 (1956).
The learned trial judge concluded that the new obligation contracted by Himel was subject to rescission on the grounds of redhibition. We agree.
In a recent redhibition case, Ezell v. General Motors Corporation, 446 So.2d 954 (La.App. 3rd Cir.1984), writ denied, 449 So. 2d 1350 (La.1984), this court stated:
"In order to establish a prima facie case, a buyer must show that a non-apparent defect existed at the time of sale. LSA-C.C. Articles 2520 and 2530; Jordan v. LeBlanc and Broussard Ford, Inc., 332 So.2d 534 (La.App. 3 Cir.1976). The evidentiary burden is that the proof must be more probable than not. Moreno's Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975). He need not prove the underlying cause of the defect, but only that it existed. Gamble v. Bill Lowrey Chevrolet, Inc., 410 So.2d 1155 (La.App. 3 Cir.1981). The term `defect', as contemplated in Article 2520, means a physical imperfection or deformity; or a lacking of necessary components or level of quality. Williams v. Louisiana Machinery Company, Inc., 387 So.2d 8 (La.App. 3 Cir. 1980)."
It is undisputed that the first Monark boat had a defective transom which caused the boat to leak. It is also undisputed that the leaks could not be seen by casual inspection but were only found after the boat was in the water and an interior panel was removed. The Monark representative testified that he agreed with plaintiff that, although the defects in the transom could be effectively repaired, the purchaser of a new boat was entitled to more, such that he did not consider a boat with this type of repair to be the equivalent of a new boat. Accordingly, Monark, through its representative, acknowledging the redhibitory nature of the defect, agreed to order a replacement boat from the factory. The record reflects that these negotiations were conducted with the consent and acquiescience of Himel.
In Dickerson v. Begnaud Motors, Inc., 446 So.2d 536 (La.App. 3rd Cir.1984), writ denied, 449 So.2d 1349 (La.1984), we stated that:
"... when a seller is in good faith, he must be given an opportunity to repair the thing before a redhibitory action can be brought, whereas a bad faith seller has no corresponding right. LSA-C.C. Arts. 2531 and 2545; Jordan v. LeBlanc and Broussard Ford, Inc., 332 So.2d 534 (La.App. 3rd Cir.1976); Associates Financial Services Co. v. Ryan, 382 So.2d 215 (La.App. 3rd Cir.1980).
. . . . .
*1198 As we stated in Jordan v. LeBlanc and Broussard Ford, Inc., supra:
`Until the legislature provides specific rules concerning the terms and conditions of the right to repair, there is no alternative in the judiciary but to decide each case on its peculiar circumstances with due regard being given to the competing interests of the consuming public and the retailers and manufacturers.'

Jordan v. LeBlanc and Broussard Ford, Inc., supra, at 538."
Viewing the specific facts of this case in light of the aforestated principles, we consider the ordering of a new boat from the Monark factory analogous to a seller's attempt at repair which proved to be ineffective.
Unlike the transaction between plaintiff and Himel involving the McKee boat, there was no novation. There was never a completed agreement between plaintiff and Himel giving rise to a novation. Plaintiff did not accept delivery of the second Monark boat.
The second Monark boat arrived from the factory without the exterior drains for the live wells. The record makes clear that both Himel and Monark were aware that the first Monark boat had this feature and that plaintiff would require that the replacement boat be similarly equipped. We consider this circumstance as equivalent to an unsuccessful attempt at repair, establishing plaintiff's right to demand a rescission of the sale. Further, we opine that Himel was not entitled to further attempts to rectify the problem considering the time lapse between the initial transaction in August of 1983 and the aborted attempt to deliver the second Monark boat in January of 1984.
Himel argues alternatively that the trial court erred in awarding a rescission of the entire sale, inasmuch as neither the motor nor the trailer were shown to be defective. We disagree. The boat, motor and trailer, as separate items, are of no practical utility to plaintiff. The separate items, boat, motor and trailer, were assembled and sold by Himel to Morvant as a single unit and should be so considered for purpose of this action in redhibition.
For these reasons, we conclude that the trial court properly ordered a rescission of the sale and return of the purchase price to plaintiff.
We find error, however, in the trial court's conclusion that plaintiff is entitled to the recovery of attorney's fees from Himel.
In Cox v. Lanier Business Products, Inc., 423 So.2d 690 (La.App. 1st Cir.1982), writ denied, 429 So.2d 129 (La.1983), the court stated:
"... A seller who is not the manufacturer of the product involved in an action in redhibition is not presumed to have knowledge of the vice. Riche v. Krestview Mobile Homes, Inc., 375 So.2d 133 (La.App. 3d Cir.1979); Peltier v. Seabird Industries, Inc., 243 So.2d 112 (La.App. 3d Cir.1971).... A seller who did not have knowledge of a defect when the sale took place is considered to have been in good faith and, hence, is only liable for the return of the purchase price and expenses of the sale, and preservation of the thing. LSA-C.C. 2531; Riche v. Krestview Mobile Homes, Inc., supra. Attorney's fees in an action in redhibition are awarded only when the seller knew of the defect and omitted to declare it. LSA-C.C. art. 2545. LSA-C.C. art. 2545; Evangeline Medical & X-Ray Distributors Corporation v. Coleman Oldsmobile, Inc., 402 So.2d 208 (La.App. 1st Cir.1981); Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir.1975)....
The manufacturer is presumed to know of the defect in the thing made by him and, therefore, is deemed to be in bad faith in selling a defective product. A manufacturer is liable to a buyer for damages and attorney's fees in addition to the purchase price and expenses occasioned by the sale and those incurred for the preservation of the thing sold. LSA-C.C. art. 2545; Rey v. Cuccia, 298 So.2d 840 (La.1974).
. . . . .
*1199 In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller. LSA-C.C. art. 2531; Cernigliaro v. Marquis Marine, Inc., 381 So.2d 886 (La. App. 2d Cir.1980).
A manufacturer is presumed to know the defects of the thing he manufactures and is, therefore, in bad faith and liable for attorney's fees under art. 2545. LSA-C.C. art. 2545. This includes an award of reasonable attorney's fees to an intermediate seller on a third party demand against a manufacturer. Millin v. Dawson, 387 So.2d 1213 (La.App. 1st Cir. 1980); Porche v. Robinson Brothers, Inc., supra [349 So.2d 975 (La.App. 1st Cir.1977)]; Gonzales v. Southwest Mobile Homes, Inc., 309 So.2d 780 (La.App. 3d Cir.1975), writ refused 313 So.2d 239 (La.1975)...."
Plaintiff did not sue Monark, the manufacturer, but limited his demands to one defendant, the seller, Himel. Himel, in its third party demands against Monark, did not pray for its own attorney's fees. There is no evidence in the record that Himel was not a good faith seller. Thus, any award of attorney's fees in the case was improper. We will amend the judgment accordingly.
Although Monark specifies as error the trial court's award of indemnity in favor of Himel, it advances no argument in support of this contention. In the instant case, Himel, having been found liable because of redhibitory defects in the Monark boat, is granted a similar right of action against Monark for any losses sustained by it. (La.C.C. art. 2531).
In his oral reasons for judgment, the trial judge indicated that Himel's third party demand against Monark, including costs, was granted. However, in the formal judgment of October 17, 1986, the court cast Himel for costs. As Himel is a good faith seller and therefore due indemnity from the manufacturer for any loss, we will reform the judgment, to conform with the trial judge's oral reasons and award Himel full indemnity including all costs.
Finally, we address Monark's argument that the trial judge erred in not awarding a reduction in the purchase price rather than a rescission of the sale. Avoidance of the sale or reduction in the purchase price is a factual question, resolution of which is best left to the trier of fact. The reasonable evaluations of credibility and reasonable determinations of fact by the trial court will not be disturbed in the absence of manifest error. Dugas v. Caubarreaux Used Cars, Inc., 497 So.2d 56 (La.App. 3rd Cir.1986). We find no manifest error by the trial court.
Accordingly, for the reasons stated, we amend the judgment of the trial court to delete the award of attorney's fees in favor of plaintiff and against Himel, and further amend the judgment in favor of Himel Marine, Inc. and against third party defendant, Monark Boats, Inc., to include all costs at the trial level. All costs of this appeal are assessed against Monark.
AFFIRMED AS AMENDED.

ORDER ON APPLICATION FOR REHEARING
PER CURIAM.
In our opinion handed down February 3, 1988, we determined that Himel's right of indemnification against Monark was limited to the purchase price of the boat. Himel has filed an application for rehearing in this matter seeking clarification of our decree in that Monark maintains that the indemnification which we decreed is limited to the wholesale price of the defective boat, while Himel seeks indemnification for the retail purchase price, which includes the profit of which it was deprived. In our opinion, we stated as follows: "In the instant case, Himel, having been found liable because of redhibitory defects in the Monark boat, is granted a similar right of action against Monark for any losses sustained by it. (La.C.C. art. 2531)." The term "any losses" would of course include *1200 the profit of which Himel was deprived on the sale of the boat. Therefore, Himel is entitled to indemnification to the extent of the retail price paid Himel by Dua Morvant for the Monark boat. With this clarification, the application for rehearing is denied.
NOTES
[*] Judge G. William Swift, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.